UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
--------------------------------X
TIMOTHY P. DOYLE,               :
                                :
              Plaintiff,        :
                                :
     -against-                  :
                                :   No. 3:02 CV 656 (GLG)
TOWN OF LITCHFIELD; CROMPTON    :
MANUFACTURING COMPANY, INC.;    :
UNIROYAL CHEMICAL COMPANY;      :
NAUGATUCK TREATMENT COMPANY     :
                                :
              Defendants.       :
--------------------------------X
```

FILED
Oct 22  3 05 PM '03
U.S DISTRICT COURT
NEW HAVEN, CONN.

## RULING ON MOTION FOR LEAVE TO AMEND COMPLAINT

Pending before the court is plaintiff's motion for leave to filed a second amended complaint to which defendants Crompton Manufacturing Company ("Crompton") and its subsidiaries, Uniroyal Chemical Company ("Uniroyal") and Naugatuck Treatment Company ("NTC") object. For the reasons set forth below, the court denies plaintiff's motion for leave to file a second amended complaint as to these defendants[1]. **(Doc. #27)**.

Acting _pro se_, plaintiff filed a three-count complaint alleging violations of this Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution against the Town of Litchfield (the "Town") on April 11, 2002, seeking equitable relief and damages in connection with response costs incurred due

---

[1] The court notes that defendant Town of Litchfield did not file an objection. At oral argument held on October 14, 2003, the Town did not take a position as to plaintiff's pending motion.

1

to alleged contamination of his property by leachate runoff from the Town's dump and landfill. In an amended complaint filed on May 23, 2002, plaintiff added "Crompton Corporation as parent of Uniroyal" as a defendant, alleging that Uniroyal supplied incinerated sludge ash, which contained hazardous substances, to the Town as use for top cover on the Town's landfill. The amended complaint stated causes of action based on violations of the Fourteenth Amendment, a violation of CERCLA, 42 U.S.C. § 9607(a), private nuisance, trespass class action and toxic tort class action.

On September 9, 2002, Crompton filed a motion to dismiss the amended complaint on grounds that it failed to state a viable claim, which the court granted on October 8, 2002, based on the absence of opposition. On September 12, 2002, the Town filed an answer and affirmative defenses to the amended complaint. On January 10, 2003, the court granted appointment of pro bono counsel for plaintiff. Pursuant to Fed. R. Civ. P. 15(a), plaintiff seeks to file his proposed second amended complaint, which names Uniroyal and NTC as defendants and repleads his causes of action.

In its opposing memorandum of law, Crompton sets forth three arguments. First, it argues that the court should deny plaintiff's motion because the court's October 8, 2002, dismissal constituted a final judgment. The court disagrees with this characterization. "A judgment is not considered final unless it disposes of all claims against all parties and ends the

2

litigation on the merits." Kamerling v. Massanari, 295 F.3d 206, 213 (2d Cir. 2002); see also Acha v. Beame, 570 F.2d 57, 62 (2d Cir. 1978)(citing Catlin v. U.S., 324 U.S. 229, 233 (1945)). Even after the court granted Crompton's motion to dismiss, the claims between plaintiff and the Town had not yet been adjudicated. Those claims are still pending.

Second, Crompton contends that plaintiff's claims in the proposed amendment would be futile because they are precluded under the doctrine of collateral estoppel having been previously litigated in Connecticut state court. Crompton states that "after a full trial, the state court found that [plaintiff's] Property is not contaminated and that no pathway exists from the Litchfield Landfill to the Property." (Def.'s Memo at 8.)

Plaintiff counters that defendant's collateral estoppel argument is flawed because plaintiff's CERCLA claims present different issues than those involved in the previous state action and that the defendants are also different parties. In that case, plaintiff sued the former owners of the Property, the real estate agents who brokered the sale of the Property, and the Town for concealing or failing to disclose the presence of landfill leachate contaminants on the Property pursuant to Conn. Gen. § 22a-452.

The court agrees that unlike CERCLA which has a strict liability standard, Conn. Genn. Stat. § 22a-452 requires a showing of culpability and not merely causation. The Durham Mfg. Co. v. Merriam Mfg. Co., 128 F.Supp.2d 97, 102 (D.Conn. 2001);

3

see also Schiavone v. Pearce, 79 F.3d 248 (2d Cir. 1996), on remand 77 F.Supp.2d 282 (D.Conn. 1999).

"CERCLA is a broad remedial statute." B.F. Goodrich v. Betkoski, 99 F.3d 505, 514 (2d Cir. 1996)(citations omitted). It was "enacted to assure that those responsible for any damage, environmental harm, or injury from chemical poisons bear the costs of their actions." Prisco v. A & D Carting Corp., 168 F.3d 593, 602 (2d Cir. 1999)(citations omitted). CERCLA provides a private right of action for recovery of the costs of responding to the release or threatened release of hazardous substances. Id. In order to make out a prima facie case under § 107 of CERCLA, plaintiff must establish five elements. In bringing an action under this Act, plaintiff must establish that: (1) defendant is one of the four categories of covered persons listed under § 107(a) as liable for the costs of remedial action, (2) the site of the clean-up is a facility under § 101(9), (3) there is a release or threatened release of hazardous substances at the facility, (4) as a result of which plaintiff has incurred response costs, and (5) the costs incurred conform to the national contingency plan under § 107(a)(4)(B). Betkoski, 99 F.3d at 514. See B.F. Goodrich Co. v. Murtha, 958 F.2d 1192, 1198 (2d Cir. 1992).

If plaintiff establishes these elements, defendant is strictly liable for the presence of the hazardous substances, unless it successfully asserts one of the statutory defenses. It is not sufficient that a particular hazardous substance

4

attributable to a specific defendant is not linked to a plaintiff's response costs. Prisco, 168 F.3d at 603.

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. . . . [R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94-95, (1980)(citations omitted). "For the bar to apply: (1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits." Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986) cert. denied, 480 U.S. 948 (1987).

The full faith and credit statute, 28 U.S.C. § 1738 "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)(citation and internal quotation marks omitted).

In a related matter brought by plaintiff against the former owners of the property, the real estate agents acting on behalf

5

of the former owners, and the Town of Litchfield, a bench trial was held before Judge Frazzini on numerous days in May, June and July 2000. Doyle v. Webster, No. CV990079961, 2001 WL 58018, at *1 (Conn. Super. Jan. 8, 2001). Plaintiff alleged that defendants knew or should have known that the presence of landfill leachate contaminants on the property made it unsuitable for plaintiff's intended purposes. At trial, plaintiff called an expert witness to testify in support of his claim that the property was contaminated and that leachate flowing from the landfill caused any such contamination. Id. In a detailed memorandum of decision, the court found that plaintiff did not sustain its burden of proof to establish that "the soil or sediment on the Doyle property contained quantities of any of the constituents about which evidence was offered that exceeded any applicable standards." Id. at *8. The court also concluded that plaintiff did not bear its burden "that the surface or ground water on the Doyle property contained elevated levels of constituents exceeding recognized and applicable standards." Id. at *13. Thus, the court stated "there is credible evidence neither of a water pathway for leachate to migrate from the landfill to the plaintiff's property nor that the quantities of constituents found at the Doyle property exceeded background levels or applicable remediation standards. . . ." Id. at *15.

Plaintiff argues that the state court's findings are "irrelevant for purposes of plaintiff's CERCLA claim against Crompton and its subsidiaries." (Pl. Reply Mem. at 5.) This court

6

disagrees. First, the doctrines of res judicata and collateral estoppel no longer require a strict identity of the parties. <u>Vernon Village, Inc. v. Gottier</u>, 755 F.Supp. 1142, 1149 (D.Conn. 1990). Next, although plaintiff's state court claims was brought pursuant to Conn. Gen. Stat. § 22a-452, and not CERCLA, which does not require a finding of culpability, the fact that the state court found that plaintiff did not sustain his burden of proof that the property was contaminated is dispositive. The state court concluded that "[t]he evidence presented to the court did not establish, by a fair preponderance, that either one molecule or elevated levels of landfill constituents were on the plaintiff's property." <u>Doyle</u>, 2001 WL 58018, at *16. Thus, the court concludes that plaintiff's proposed amendment would be futile.

In light of the above, the court need not discuss the merits of the parties' statute of limitations arguments. Accordingly, plaintiff's motion **(Doc. #27)** to file a second amended complaint adding Uniroyal and NTC as defendants is <u>denied</u>.

SO ORDERED.

Date: October 21, 2003.
      Waterbury, Connecticut.

███████████████████
GERARD L. GOETTEL,
United States District Judge

7