UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIMOTHY P. DOYLE, | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 3:02CV656 (GLG) |
| | : | |
| VS. | : | |
| | : | |
| TOWN OF LITCHFIELD, CT and CROMPTON | : | |
| CORPORATION, as parent of Uniroyal Chemical, | : | |
| | : | |
| Defendants. | : | NOVEMBER 20, 2003 |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pursuant to D. Conn. R. Civ. P. 7, Crompton Corporation ("Crompton") respectfully submits this Memorandum of Law in opposition to Plaintiff Timothy Doyle's Motion For Reconsideration dated October 31, 2003. Only after reviewing the parties' briefs and hearing oral argument, this Court properly denied Plaintiff's motion for leave to file a second amended complaint. Crompton respectfully submits the Court should now deny Plaintiff's Motion for Reconsideration. This Motion offers nothing that was not already presented to the Court in the briefs, at oral argument or both and nothing that could reasonably be expected to alter the Court's decision.

**STATEMENT OF FACTS**

On July 10, 2003, Plaintiff filed a Motion for Leave to File Second Amended Complaint with an attached proposed Second Amended Complaint. The proposed Second Amended Complaint sought to name three defendants affiliated with Crompton (which this Court dismissed

from the action last year) and to add new claims. On July 30, Crompton filed an Objection to Plaintiff's motion based on Plaintiff's failure to timely reopen the judgment of dismissal, on the preclusive effect of a prior state court action, and on statute of limitations grounds. Plaintiff filed a reply brief and a request for oral argument on August 28, 2003. The Court heard oral argument on Plaintiff's motion on October 14, 2003. On October 22, 2003, the Court denied Plaintiff's motion, concluding that Plaintiff is collaterally estopped from asserting such claims against Crompton because the prior state court action dispositively determined the underlying issue in this case. Plaintiff now moves the Court to reconsider its ruling, but provides nothing new to justify such a reconsideration.

## LEGAL STANDARD

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). "Moreover, '[a] motion for reconsideration should not serve as a vehicle for relitigating issues already decided,' Metro. Entm't Co. v. Koplik, 25 F.Supp. 2d 367, 368 (D. Conn. 1998) (citations omitted), nor may such a motion 'be used to plug gaps in an original argument or to argue in the alternative once a decision has been made.' Philbrick v. Univ. of Conn., 51 F.Supp. 2d 164, 165 (D. Conn. 1999) (quoting Horsehead Res. Dev. Co. v. B.U.S. Envtl. Servs., Inc., 928 F.Supp. 287, 289 (S.D.N.Y. 1996))." Bristol Tech., Inc. v. Microsoft Corp., 127 F.Supp. 2d 61, 62 (D. Conn. 2000).

**ARGUMENT**

The Court should deny Plaintiff's Motion because, notwithstanding Plaintiff's characterization, his Motion is merely a repetition of the same arguments made in his written briefs and at the October 14 hearing— the same arguments that the Court has considered and rejected. The Court has made clear that motions for reconsideration are not intended to provide unsuccessful litigants with the opportunity to repeat their arguments or to "plug gaps in an original argument." Philbrick, 51 F.Supp. 2d at 165. Because Plaintiff makes no argument that the Court has not already heard, there is no reason for the Court to reconsider its decision, and Plaintiff's motion should be denied.

1. <u>The Court Properly Concluded That Plaintiff's Claims Are Barred By Collateral Estoppel</u>.

The crux of this Court's decision is that "[t]his court disagrees" with Plaintiff's argument that the prior state court judgment is "irrelevant" to his present claims. (Ruling on Mot. for Leave to Am. Compl. at 6-7.) Having had the benefit of written briefs and oral argument, this Court properly concluded that "the fact that the state court found that plaintiff did not sustain his burden of proof that the property was contaminated is dispositive." (Id. at 7.) Plaintiff's only response in his Motion for Reconsideration is to continue to insist on the irrelevance of the state court judgment and that court's specific factual conclusions following an extensive and full evidentiary hearing. Plaintiff once again argues the unavailability of the doctrine of collateral estoppel despite controlling federal and state case law permitting nonmutual collateral estoppel. This is quite simply contrary to law. See Aetna Casualty & Surety Co. v. Jones, 220 Conn. 285, 303, 596 A.2d 414 (1991) (Callahan, J.) (a defendant may invoke the doctrine of collateral estoppel against a

plaintiff who has previously litigated the same issue in another forum against a different party); accord Blonder-Tongue Lab., Inc. v. Univ. of Illinois Found., 402 U.S. 313 (1971) (prior holding is preclusive in action against different defendant where plaintiff had "full and fair opportunity to litigate" question).  Dispositive of this Motion for Reconsideration is the fact, which even Plaintiff fails to counter, that none of these arguments are new.  In fact, they were expressly raised and then addressed and rejected in this Court's ruling.

    2.    There Is No New Evidence In This Case.

As part of his attempt to reargue his unsuccessful Motion for Leave to File Second Amendment, Plaintiff disingenuously argues that he has "new evidence," which he claims saves this case from the preclusive effect of the state court judgment.  This argument is flawed on many levels.  As a preliminary matter, there is no "new evidence."  Plaintiff's counsel in the state court trial unsuccessfully sought admission of the very same April 2000 information, which is now attached to Plaintiff's motion.

Although Plaintiff states that the state court did not consider this information, Plaintiff fails to inform this Court that the reason it was not considered is because the state court excluded it from evidence prior to trial.  In other words, the state court afforded Plaintiff a full and fair opportunity to present his case, limited only by the rules of evidence and procedure.  After a full trial on the merits, he cannot now seek to relitigate the same issues in federal court by characterizing excluded information as "new evidence."  Res judicata and collateral estoppel would be hollow doctrines if unsuccessful litigants could evade the finality of judgments and

relitigate in different courts based on excluded and inadmissible evidence.[1] It is also worth noting that Plaintiff advanced this same meritless argument in his Reply Brief to this Court. (Pl. Reply Br. at 5-6, n. 5.) The argument is no more persuasive the second time. Again, Plaintiff offers no argument that could reasonably be expected to change this Court's decision or even to merit reconsideration.

    3.   <u>No Injustice Will Result.</u>

Finally, Plaintiff asserts that a manifest injustice would result if this Court does not reconsider its decision. Such a claim is meritless and defies credulity. As this Court is well aware, beginning in 1997, Plaintiff and his then-wife initiated actions in Connecticut Superior Court, wherein Plaintiff was represented by counsel. After discovery and consolidation of the cases, Plaintiff tried his case to the state court. Unsuccessful at the trial court and unable to persuade the state appellate courts to grant him relief, he has tried to relitigate the same issues in federal court. This Court allowed Plaintiff ample opportunity to convince the Court (in written papers and at oral argument) why these claims should be allowed to proceed in light of the state court's decision on the merits, which determined the dispositive issues underlying Plaintiff's claims. Plaintiff failed to do so.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Reconsideration.

---

[1] If Plaintiff believed that the state court should have considered the April 2000 information, his remedy was to challenge the court's evidentiary ruling in a state court appeal.

DEFENDANT, CROMPTON CORPORATION,


By:_____
    Elizabeth C. Barton (ct07660)
    Alex G. Filotto (ct22780)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, CT  06103-3499
    Telephone:  (860) 275-0100
    Facsimile:   (860) 275-0343
    Email: ecbarton@dbh.com
        agfilotto@dbh.com
    Its Attorneys

## CERTIFICATE OF SERVICE

  THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, via first class mail, postage prepaid, to:

John T. Shaban, Esq.
Maciej A. Piatkowski, Esq.
Whitman Breed Abbott & Morgan LLC
100 Field Point Road
P.O. Box 2250
Greenwich, CT  06830

George A. Dagon, Jr., Esq.
Murtha Cullina LLP
CityPlace I
Hartford, CT  06103-3469

Theresa M. Parietti, Esq.
Murtha Cullina LLP
Whitney Grove Square
2 Whitney Avenue
P. O. Box 704-A
New Haven, CT  06503-0704

                _____
                  Alex G. Filotto