**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------X
TIMOTHY P. DOYLE,              :
                               :
          Plaintiff,           :
                               :
   -against-                   :
                               :   No. 3:02 CV 656 (GLG)
TOWN OF LITCHFIELD; CROMPTON   :
MANUFACTURING COMPANY, INC.;   :
UNIROYAL CHEMICAL COMPANY;     :
NAUGATUCK TREATMENT COMPANY    :
                               :
          Defendants.          :
-------------------------------X
```

## RULING ON MOTION FOR RECONSIDERATION

Pending before the court is plaintiff's motion for reconsideration of the court's prior ruling denying plaintiff leave to file a second amended complaint to which defendants Crompton Manufacturing Company ("Crompton") and its subsidiaries, Uniroyal Chemical Company ("Uniroyal") and Naugatuck Treatment Company ("NTC") object. For the reasons set forth below, the court **denies** plaintiff's motion for reconsideration. **(Doc. #35).**

I. Procedural Facts and History

On April 11, 2002, acting *pro se*, plaintiff filed a three-count complaint against the Town of Litchfield (the "Town") seeking equitable relief and damages in connection with response costs incurred due to alleged contamination of his property by leachate runoff from the Town's dump and landfill. In an amended complaint filed on May 23, 2002, plaintiff added "Crompton

1

Corporation as parent of Uniroyal" as a defendant, alleging that Uniroyal supplied incinerated sludge ash, which contained hazardous substances, to the Town as use for top cover on the Town's landfill.

On September 9, 2002, Crompton filed a motion to dismiss the amended complaint which the court granted on October 8, 2002, in the absence of opposition. On September 12, 2002, the Town filed an answer and affirmative defenses to the amended complaint. On January 10, 2003, the court granted appointment of pro bono counsel for plaintiff. Pursuant to Fed. R. Civ. P. 15(a), plaintiff filed a motion for leave to file a second amended complaint, naming Uniroyal and NTC as defendants and repleading his causes of action, which the court denied on October 22, 2003.

## II. Standard of Review

Motions for reconsideration are authorized by local rules, including the Local Rules of Civil Procedure of the District of Connecticut. See D. Conn. L. Civ. R. 7(c). However, the standard for granting a motion for reconsideration is strict. *See* Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). "Such a motion generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Thus, the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence." Channer v. Brooks, No.

3:99CV2564, 2001 WL 1094964, at *1 (D.Conn. Sept. 10, 2001) (citations omitted; internal quotation marks omitted). Furthermore, a motion for reconsideration "is not simply a second opportunity for the movant to advance arguments already rejected." Hock v. Thipedeau, No. 3:99CV1281, 2003 WL 21003431, at *1 (D.Conn. April 28, 2003).

### III. Discussion

In his motion for reconsideration, plaintiff advances several arguments. First, plaintiff contends that because he has plead a *prima facie* case under CERCLA, the court should grant leave to amend. Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires." A district court may, however, deny leave to amend a complaint if the proposed amendment would be futile. *See* Foman v. Davis, 371 U.S. 178, 182 (1962). In the prior ruling, the court concluded that such an amendment would be futile because the matter had been previously litigated in state court.

Second, plaintiff challenges the court's application of relevant case law precedent addressing res judicata and collateral estoppel. Plaintiff's arguments have already been fully considered and addressed in the prior ruling. The court need not revisit this issue.

Third, plaintiff claims that he has laboratory reports dated April 2000, which constitute new evidence to be considered. Defendants counter that these reports are not new at all, but

were not admitted into evidence by the Connecticut Superior Court in a related action brought by plaintiff against the former owners of the property, the real estate agents acting on behalf of the former owners, and the Town of Litchfield. This court notes that plaintiff did not file a reply brief and, thus, does not dispute defendants' assertion. As previously noted, a bench trial was held before Judge Frazzini on numerous days in May, June and July 2000. *See* <u>Doyle v. Webster</u>, No. CV990079961, 2001 WL 58018, at *1 (Conn. Super. Jan. 8, 2001). To the extent that plaintiff wishes to relitigate any evidentiary ruling or other issues attendant thereto, plaintiff is barred from doing so under the doctrines of res judicata and collateral estoppel.

### IV. Conclusion

In light of the above, plaintiff's motion **(Doc. #35)** for reconsideration is <u>denied</u>.

SO ORDERED.

Date: December 13, 2003
      Waterbury, Connecticut.

                                    /s/
                          GERARD L. GOETTEL,
                          United States District Judge