UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------
TIMOTHY P. DOYLE,                          :
                                           :
            Plaintiff,                     :
                                           :
      v.                                   :       CIVIL ACTION NO.
                                           :       3:02 CV 656 (JCH)
TOWN OF LITCHFIELD, et al.                 :
                                           :
                                           :
            Defendants.                    :       NOVEMBER 15, 2004
-------------------------------------------------------------

ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT TOWN OF LITCHFIELD

The defendant Town of Litchfield ("Litchfield") hereby responds to plaintiff's Second

Amended Complaint dated September 24, 2004, as follows:

1.      To the extent that paragraph 1 purports to state a conclusion of law, no

response is required.  To the extent that any response is required, Litchfield denies the

allegations of paragraph 1.

2.      In response to paragraph 2, Litchfield admits only that, in the past, plaintiff

Timothy Doyle had an interest in certain property located approximately one-quarter mile

from the site of the former Litchfield municipal landfill.  The remainder of paragraph 2 is

denied.

3.     In response to paragraph 3, Litchfield admits that, in the past, plaintiff Timothy Doyle had an interest in property at 521 South Plains Road in the Town of Litchfield.  Litchfield further admits the allegation that Doyle resides in the Town of Woodbury.  Litchfield is without knowledge or information sufficient to admit or deny the specific address, but Litchfield avers, based upon papers filed by the plaintiff in this Court, that the plaintiff has resided in the Town of Woodbury since before the commencement of this action in April 2002.  The remainder of paragraph 3 is denied.

4.     Admitted.

5.     Litchfield is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 5.

6.     Litchfield is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 6.

7.     Litchfield is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 7.

8.     To the extent that paragraph 8 purports to state a conclusion of law, no response is required.  To the extent that any response is required, for reasons set forth in its Affirmative Defenses, Litchfield denies that this Court has jurisdiction.

9.     To the extent that paragraph 9 purports to state a conclusion of law, no response is required.  To the extent that any response is required, Litchfield is without knowledge or information sufficient to admit or deny the truth of the allegation in paragraph 9 that "all defendants reside in the judicial district of Connecticut."

10.    Litchfield denies the allegation that the property at 521 South Plains Road in Litchfield was purchased by "the plaintiff." The remainder of paragraph 10 is admitted.

11.    Litchfield denies the allegation that "Landfill leachate ... contaminated the Property." The remainder of paragraph 11 is admitted.

12.    Litchfield denies the allegation that the plaintiff purchased the Property. Litchfield also denies any implied allegation that zoning permits obtained by the plaintiff related to a horse breeding operation. The remainder of paragraph 12 is admitted.

13.    Litchfield denies that any of the activities alleged in paragraph 13 were in response to "leachate from the Landfill." Although unable to respond to the characterization of "significant sums of time and money," Litchfield admits generally that the plaintiff engaged in the activities alleged in paragraph 13; but Litchfield avers that such activities were required as conditions of permits sought by the plaintiff, as alleged in paragraph 12.

14.    Admitted.

15.    Denied.

16.    Denied.

17.    Litchfield admits the allegations of paragraph 17 with respect to the general location of the former Litchfield landfill, the historical use of the landfill as a municipal solid waste disposal site that accepted mixed residential, commercial and industrial waste, and the present ownership and operation of the site as a municipal waste recycling facility. The remainder of paragraph 17 is denied, and Litchfield denies any implied claim that the allegations of paragraph 17 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

18.    Litchfield admits the allegations of paragraph 18 generally, but denies any implied claim that the allegations of paragraph 18 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

19.    Litchfield admits the allegations of paragraph 19 generally, but denies any implied claim that the allegations of paragraph 19 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

20.    Litchfield admits the allegations of paragraph 20 generally, but denies any implied claim that any of the allegations of paragraph 20 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

21.    Litchfield admits so much of paragraph 21 as alleges that Litchfield submitted a map to DEP in approximately 1984.  Litchfield denies remaining allegations of paragraph 21, denies that Exhibit B to the Second Amended Complaint is a copy of the map, and denies any implied claim that any of the allegations of paragraph 21 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

22.    Litchfield admits so much of paragraph 22 as alleges that Litchfield developed, adopted and implemented a landfill closure plan, installed monitoring wells, began monitoring water quality, and extended water lines to certain properties near the landfill.  Litchfield is without knowledge or information sufficient to admit or deny the truth of the allegations concerning plaintiff's awareness.  Paragraph 22 is denied in all other respects, and Litchfield denies any implied claim that any of the allegations of paragraph 22 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

23.     Litchfield admits so much of paragraph 23 as alleges that the landfill closure plan involved placing a covering material on the landfill, composed of a mixture of soil and ash derived from incinerated sludge, for purposes that included reducing the amount of rain and surface water entering the landfill.  The remainder of paragraph 23 is denied, and Litchfield further denies any implied claim that the allegations of paragraph 23 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

24.     Litchfield admits the allegations of paragraph 24 generally, but denies any implied claim that the allegations of paragraph 24 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

25.     Litchfield admits the allegations of paragraph 25 generally, but denies any implied claim that the allegations of paragraph 25 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

26.     Litchfield is without knowledge or information sufficient to admit or deny the truth of the allegations of paragraph 26 concerning NTC.  Litchfield denies any implied claim that the allegations of paragraph 26 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

27.     Litchfield is without knowledge or information sufficient to admit or deny the truth of the allegations of paragraph 27 concerning Crompton and NTC.  Litchfield denies any implied claim that the allegations of paragraph 27 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

28.     Litchfield is without knowledge or information sufficient to admit or deny the truth of the allegations of paragraph 28 concerning NTC.  Litchfield denies any implied claim that the allegations of paragraph 28 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

29.     Litchfield is without knowledge or information sufficient to admit or deny the truth of the allegations of paragraph 29 concerning litigation between the Connecticut Attorney General and Uniroyal and NTC.  Litchfield denies any implied claim that the allegations of paragraph 29 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

30.     Litchfield is without knowledge or information sufficient to admit or deny the truth of the allegations of paragraph 30 concerning litigation between the Connecticut Attorney General and Uniroyal and NTC.  Litchfield denies any implied claim that the allegations of paragraph 30 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

31.     Litchfield admits the allegations of paragraph 31 generally, but denies any implied claim that the allegations of paragraph 31 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

32.     Litchfield admits so much of paragraph 32 as alleges that DEP expressly granted permission for the disposal of approximately 10,000 cubic yards of incinerated sludge ash at the Litchfield landfill site.  Litchfield is without knowledge or information sufficient to admit or deny the truth of the remaining allegations in paragraph 32.  Litchfield

denies any implied claim that the allegations of paragraph 32 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

33.     Litchfield admits so much of paragraph 33 as alleges that Litchfield authorized the disposal of incinerated sludge ash at the landfill site.   Litchfield is without knowledge or information sufficient to admit or deny the truth of the remaining allegations in paragraph 33, except that Litchfield denies the allegation that it "purposefully, recklessly and/or negligently failed to monitor and recognize" any EPA prohibition on such disposal. Litchfield further denies any implied claim that the allegations of paragraph 33 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

34.     Litchfield is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 34.  Litchfield denies any implied claim that the allegations of paragraph 34 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

35.     Denied.  Litchfield further denies any implied claim that the allegations of paragraph 35 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

36.     Denied.  Litchfield further denies any implied claim that the allegations of paragraph 36 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

37.     Denied.  Litchfield further denies any implied claim that the allegations of paragraph 37 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

38.     Denied.  Litchfield further denies any implied claim that the allegations of paragraph 38 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

39.     Litchfield is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 39 concerning Crompton.  The remainder of paragraph 39 is denied.  Litchfield further denies any implied claim that the allegations of paragraph 39 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

40.     Denied.

41.     Denied.

AS TO COUNT ONE

(42 U.S.C. §9607 – CERCLA Cost Recovery)

42.     Litchfield's responses to paragraphs 1-41 are repeated and incorporated here as though fully set forth.

43.     To the extent that paragraph 43 purports to assert a conclusion of law, no response is required.  To the extent that any response is required, Litchfield denies paragraph 43.  Litchfield further denies any implied claim that the allegations of paragraph 43 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

44.    To the extent that paragraph 44 purports to assert a conclusion of law, no response is required.  To the extent that any response is required, Litchfield denies paragraph 44.  Litchfield further denies any implied claim that the allegations of paragraph 44 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

45.    Denied.  Litchfield further denies any implied claim that the allegations of paragraph 45 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

46.    Denied.

47.    Denied.

## AS TO COUNT TWO

### (42 U.S.C. § 6972 – RCRA Citizen Suit)

48.    Litchfield's responses to paragraphs 1-47 are repeated and incorporated here as though fully set forth.

49.    To the extent that paragraph 49 purports to assert a conclusion of law, no response is required.  To the extent that any response is required, Litchfield denies paragraph 49.  Litchfield further denies any implied claim that the allegations of paragraph 49 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

50.    Litchfield lacks knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 50 regarding Crompton.  Litchfield denies any implied claim

that the allegations of paragraph 50 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

51.     Denied.  Litchfield further denies any implied claim that the allegations of paragraph 51 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

52.     Denied.

### AS TO COUNT THREE

(Conn. Gen. Stat. § 22a-452)

53.     Litchfield's responses to paragraphs 1-52 are repeated and incorporated here as though fully set forth.

54.     Denied.  Litchfield further denies any implied claim that the allegations of paragraph 54 relate to either the property at 521 South Plains Road or any actual or potential injury or harm to the plaintiff.

55.     Denied.

### AS TO COUNT FOUR

(Strict Liability)

56.     Litchfield's responses to paragraphs 1-55 are repeated and incorporated here as though fully set forth.

57.     Denied.

## AS TO COUNT FIVE

### (Negligence Per Se)

58.    Litchfield's responses to paragraphs 1-57 are repeated and incorporated here as though fully set forth.

59.    Denied.

60.    Denied.

61.    Denied.

## BY WAY OF AFFIRMATIVE DEFENSES

First Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

1.    In *Lisa DiJon and Timothy Doyle v. Town of Litchfield*, Docket No. CV-97-0074982 S in the Connecticut Superior Court at Litchfield, the plaintiff in the present action, Timothy Doyle, sued the Town of Litchfield on multiple counts and multiple theories of liability, seeking recovery of damages for injury to property, economic loss, mental and emotional distress, reimbursement of environmental costs, compensation for inverse condemnation, declaratory judgment, and various other remedies, including injunctive relief.

2.    Beginning with a Verified Complaint filed by plaintiff's counsel in *DiJon v. Litchfield* dated September 24, 1997, and continuing through a number of Amended

Complaints filed in the case thereafter, plaintiff Timothy Doyle alleged, among other things, the following matters, all of which are also alleged in the present action:

(a)   Doyle alleged that the property at 521 South Plains Road was contaminated by constituents or hazardous substances in landfill leachate;

(b)   Doyle alleged that leachate flowed from the former Litchfield landfill to the property at 521 South Plains Road by surface water and/or groundwater;

(c)   Doyle alleged that he had discovered evidence of contamination of the property at 521 South Plains Road in 1996;

(d)   Doyle alleged that, in 1991 or 1992, Litchfield had used incinerated sludge ash from Naugatuck Treatment Company containing hazardous substances as part of the cover material in closing the landfill;

(e)   Doyle alleged that the property at 521 South Plains Road had been damaged, or its value diminished, due to the alleged hazardous substances, contamination or leachate on the property, or due to its proximity to the former Litchfield landfill, and also that he had suffered other forms of loss, including the destruction of his marriage; and

(f)   Doyle alleged that he had incurred costs in responding to the alleged leachate, hazardous substances, or contamination.

3.   On January 8, 2001, following a full trial on the merits in which plaintiff Doyle was represented by counsel, the Superior Court rendered its judgment in *DiJon v. Litchfield* in favor of Litchfield and against Doyle on all counts.

4.     In rendering its judgment in *DiJon v. Litchfield*, the Superior Court articulated its findings and conclusions in a memorandum of decision dated January 8, 2001.  The Superior Court reaffirmed its judgment in a further memorandum of decision dated October 10, 2001, denying plaintiff Doyle's motion for reargument or reconsideration.

5.     Plaintiff Doyle filed an appeal to the Connecticut Appellate Court from the Superior Court judgment in *DiJon v. Litchfield*.  Doyle's appeal, No. AC 22479, was dismissed by the Appellate Court on January 23, 2002.  Doyle's motion for review or reconsideration was dismissed by the Appellate Court on March 20, 2002.  On May 2, 2002, the Connecticut Supreme Court denied Doyle's motion for transfer and dismissed Doyle's motion for further review.

6.     Under the doctrines of res judicata and claim preclusion, because the final judgment in *DiJon v. Litchfield* extinguished all rights or remedies which were asserted or which could have been asserted by the plaintiff in connection with the same subject matter, transaction, occurrence, or series of transactions or occurrences, the present action is barred.

Third Affirmative Defense

1.      Paragraphs 1-5 of the Second Affirmative Defense are incorporated herein as though fully set forth.

6.      The judgment of the Superior Court in *DiJon v. Litchfield* included express findings adverse to plaintiff Doyle on issues litigated in that action.  Among other things, the Superior Court determined that Doyle had failed to prove:

        (a)     that the property at 521 South Plains Road was contaminated; and also

        (b)     that the former Litchfield landfill property was the source of any alleged contamination of 521 South Plains Road.

7.      Under the doctrines of collateral estoppel and issue preclusion, because the Superior Court's determination of issues in *DiJon v. Litchfield* is binding upon Doyle and dispositive of his claims in the present action, the present action is barred.

Fourth Affirmative Defense

1.      Paragraphs 1-6 of the Third Affirmative Defense are incorporated herein as though fully set forth.

7.      In a decision rendered in this action, this Court has ruled that the state court's findings in *DiJon v. Litchfield* are binding upon Doyle, precluding him from attempting to re-litigate the issues of whether the property at 521 South Plains Road was contaminated and whether the former Litchfield landfill was the source of any such contamination.  The Court held that, under the doctrine of collateral estoppel, the findings of the state court were dispositive of Doyle's claims in this action with respect to Crompton Manufacturing

-14-

Company, Uniroyal Chemical Company and Naugatuck Treatment Company. *Ruling on Motion for Leave to Amend Complaint* (Oct. 22, 2003) (Goettel, J.).

7.    Doyle's claims in his Second Amended Complaint against Litchfield are substantively identical to the claims that he attempted to assert against Crompton Manufacturing Company, Uniroyal Chemical Company and Naugatuck Treatment Company, which the Court held were barred by the doctrine of collateral estoppel.

8.    Under the doctrine of law of the case, Doyle's claims against Litchfield are barred by collateral estoppel.

Fifth Affirmative Defense

1.    Paragraphs 1-6 of the Third Affirmative Defense are incorporated herein as though fully set forth.

7.    In order to adjudicate Doyle's claims in this action, this Court would be called upon to review the decision of the state court in *DiJon v. Litchfield*.

8.    Under the *Rooker-Feldman* doctrine, the Court is without subject matter jurisdiction to entertain this action.

Sixth Affirmative Defense

1.    Paragraphs 1 and 2 of the Second Affirmative Defense are incorporated herein as though fully set forth.

3.    In his Verified Complaint in *DiJon v. Litchfield*, dated September 24, 1997, plaintiff Timothy Doyle alleged that his then spouse, Lisa DiJon, was the sole owner of the property at 521 South Plains Road.

4.    Plaintiff Timothy Doyle voluntarily acquired an interest in the property at 521 South Plains Road by quitclaim deed from Lisa DiJon in February 1998.

5.    Lisa DiJon's execution and conveyance of the deed to Timothy Doyle in February 1998, and Doyle's acceptance of that deed, was done pursuant to the advice of counsel representing both of them at that time.

6.    Prior to February 1998, plaintiff Doyle did not own an interest in 521 South Plains Road.

7.    Under the doctrine of estoppel, because plaintiff Doyle freely accepted a deed to 521 South Plains Road with knowledge of his own then-pending court allegations of property contamination, property damage, and other injury to the property, plaintiff's attempt to reassert such claims in the present action should be barred or estopped.

Seventh Affirmative Defense

1.    This action was not commenced within three years from the date(s) of some or all of the alleged acts or omissions complained of.

2.    The plaintiff's claims are barred by Conn. Gen. Stat. §§ 52-577 and 52-584.

Eighth Affirmative Defense

1.    This action was not commenced within two years from the date(s) when the alleged contamination was discovered, or should have been discovered.

2.    The plaintiff's claims are barred by Conn. Gen. Stat. § 52-577c.

Ninth Affirmative Defense

1.    Paragraphs 1-2 of the Second Affirmative Defense are incorporated herein as though fully set forth.

3.    To the extent not otherwise barred, plaintiff's claims in this action should be barred by the doctrine of laches.

Tenth Affirmative Defense

1.    In *Bankers Trust Co. v. Lisa DiJon, et al.*, No. CV-98-076436 S in the Connecticut Superior Court at Litchfield, a mortgage foreclosure proceeding concerning the property at 521 South Plains Road, the plaintiff in the present action, Timothy Doyle, was named as a defendant, and he appeared and actively defended against the foreclosure claim.

2.    *Bankers Trust v. DiJon* resulted in a final and binding judgment of foreclosure by sale on or about December 27, 1999, ordering the property at 521 South Plains Road to be sold at auction.

3.    A committee appointed by the Superior Court conducted the foreclosure sale on or about March 18, 2000.  The Superior Court approved the committee's deed of sale on

or about May 10, 2000, thereby extinguishing all equities of redemption, including that of plaintiff Doyle.

4.      Since May 2000, Doyle has had no right, title or interest with respect to the property at 521 South Plains Road in the Town of Litchfield.

5.      Doyle lacks standing to assert any claim for damages, response costs or injunctive relief based upon any alleged contamination or release of hazardous substances affecting the property at 521 South Plains Road, and this Court is without jurisdiction to entertain Doyle's claims.


Eleventh Affirmative Defense

1.      Paragraphs 1 through 6 of the Third Affirmative Defense are incorporated herein as though fully set forth.

7.      Paragraphs 1 through 4 of the Tenth Affirmative Defense are incorporated herein as though fully set forth.

11.     Based upon papers he has filed in this Court, Doyle has resided in the Town of Woodbury since some time before he commenced this action in April 2002.

12.     Doyle lacks standing to assert any claim for damages, response costs or injunctive relief based upon any alleged contamination or release of hazardous substances at the former Litchfield landfill, and this Court is without jurisdiction to entertain Doyle's claims.

Twelfth Affirmative Defense

If Doyle incurred "response costs" within the scope of 42 U.S.C. § 9601 et seq., as alleged by Doyle and denied by Litchfield herein, Doyle's claim under Count One is barred in whole or in part by his failure to comply with the national contingency plan.

Thirteenth Affirmative Defense

To the extent that any claimed release or threatened release of a hazardous substance, alleged by Doyle and denied by Litchfield herein, was caused solely by acts of God or by acts or omissions of third parties (including but not limited to Doyle and any prior owners of 521 South Plains Road), Doyle's claim under Count One is barred by 42 U.S.C. § 9607(b).

Fourteenth Affirmative Defense

Doyle's claim under Count One is barred, in whole or in part, by the failure to comply with mandatory pre-suit notice requirements

Fifteenth Affirmative Defense

1.     Doyle's claim under Count Two is barred by the failure to comply with mandatory pre-suit notice requirements as set forth in 42 U.S.C. § 6972(b).

2.     The Court is without jurisdiction to entertain Doyle's claim under Count Two.

Sixteenth Affirmative Defense

　　　　To the extent that Count Two of the Second Amended Complaint purports to seek recovery of any environmental response costs or monetary damages, the Court is without jurisdiction to entertain such a claim, or Count Two fails to state a claim upon which relief can be granted.


Seventeenth Affirmative Defense

　　　　1.　　　The State of Connecticut adopted a hazardous waste program that has been authorized by the U.S. Environmental Protection Agency to operate in lieu of the Federal hazardous waste program, pursuant to 42 U.S.C. § 6926.

　　　　2.　　　Because the Federal hazardous waste requirements have been superseded in Connecticut by the operation of the state hazardous waste program, the provisions of 42 U.S.C. §6972(a) are not available in Connecticut.

　　　　3.　　　The Court is without jurisdiction to entertain Doyle's claim under Count Two, or Count Two fails to state a claim upon which relief can be granted.


Eighteenth Affirmative Defense

　　　　Doyle has failed to mitigate any alleged loss or damage.


Nineteenth Affirmative Defense

　　　　Doyle has failed to join all necessary parties in this action.

Twentieth Affirmative Defense

1.    The defendant Town of Litchfield is a municipal corporation.

2.    Under the common law doctrine of governmental immunity, as well as Conn.

Gen. Stat. § 52-557n, Litchfield has no liability to the plaintiff for some or all of the

plaintiff's causes of action.


Twenty-First Affirmative Defense

1.    The defendant Town of Litchfield is a municipal corporation.

2.    Conn. Gen. Stat. § 22a-452 does not authorize actions against municipalities.

3.    The Court is without jurisdiction to entertain Doyle's claim in Count Three,

or Count Three fails to state a claim upon which relief can be granted.


WHEREFORE, Litchfield demands entry of judgment against the plaintiff on each

count of the Second Amended Complaint, together with an award to Litchfield of its

attorneys fees, expenses and costs, and such other and further just remedies as may be

provided by law or by rule of court.

DEFENDANT - TOWN OF LITCHFIELD


By    /s/
     George A. Dagon, Jr. – ct06599
     Theresa M. Parietti  - ct416306

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
Email:  gdagon@murthalaw.com
       tparietti@murthalaw.com
Its Attorneys

CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2004, the foregoing Answer and Affirmative Defenses of Defendant Town of Litchfield was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


/s/
George A. Dagon, Jr. – ct06599
Theresa M. Parietti  - ct416306


Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
Email:      gdagon@murthalaw.com
            tparietti@murthalaw.com