UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

TIMOTHY P. DOYLE,                       :
                                        :
    Plaintiff,                         :
                                        :
v.                                      :   CIVIL ACTION NO.
                                        :   3:02 CV 656 (JCH)
TOWN OF LITCHFIELD, et al.              :
                                        :
    Defendants.                        :   NOVEMBER 15, 2004

---

DEFENDANT'S LOCAL RULE 56(a)1 STATEMENT
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

    Pursuant to Rule 56(a)1 of the Local Rules of Civil Procedure, defendant Town of Litchfield ("Litchfield") contends that there are no genuine issues to be tried with respect to the following material facts on Litchfield's Motion for Summary Judgment:

    1.    In 1996, Lisa DiJon, who was at that time the fiancée of plaintiff Timothy Doyle, purchased real property at 521 South Plains Road, Litchfield, Connecticut ("the Property"). Ex. F at 2.[1]

    2.    In 1997, Doyle and his then spouse, DiJon, filed an action against Litchfield in the Superior Court of Connecticut, Judicial District of Litchfield, *Lisa I. DiJon and Timothy P. Doyle v. Town of Litchfield*, Docket No. CV-97-0074982-S, asserting claims

---

[1]    Litchfield submits herewith an appendix containing the Exhibits relied upon in support of the Motion for Summary Judgment.

based upon the alleged contamination of the Property. See Ex. A, Complaint (Sept. 24, 1997).

3. In their initial complaint, Doyle and DiJon claimed that the contamination from Litchfield's former landfill had caused them to sustain various injuries, including diminution or destruction of the value of the Property, economic loss due to frustration of their plans to use the Property for a horse breeding enterprise, and expenditures for environmental testing and remediation. They sought injunctive relief, compensatory damages, exemplary or punitive damages, and treble damages. Ex. A at 7.

4. During the pendency of the state court action, attorneys for Doyle and DiJon amended their complaint several times, advancing a variety of theories of liability against Litchfield, including private nuisance, public nuisance, absolute nuisance, willful and reckless conduct, negligence, negligence per se, cost recovery under state statute, trespass, strict liability for ultrahazardous activity, hazardous waste disposal, violations of state and federal statutes, stigma, and constitutional taking. Exs. B – E.

5. Plaintiffs' pleadings in the state court action specifically asserted claims for environmental cost recovery under Conn. Gen. Stat. § 22a-452 (e.g., Ex. B, Amendment to Complaint (Oct. 29, 1997) at ¶ 10 et seq.), strict liability (e.g., Ex. E, Third Amended Complaint (Apr. 21, 2000) at ¶ 61 et seq.), and negligence per se based upon statutory violations (e.g., Ex. E at ¶ 42 et seq.; cf. Ex. D, Second Amended Complaint (May 1, 1998) at ¶ 22 et seq.).

6. In the state court action, plaintiffs allege that Litchfield had violated numerous statutes, specifically including "42 USC Section 9601 et sec [sic] (Comprehensive

Environment Response Compensation & Liability Act of 1980 CERCLA)" and "Federal Resource Conservation & Recovery Act 42 USC 6901 et sec [sic] (RCRA)."  Ex. D, Second Amended Complaint (May 1, 1998) at ¶ 22e.

7.     In addition to claiming that the flow of leachate from the landfill had contaminated the Property, the plaintiffs claimed that Litchfield's closure of its landfill had been handled improperly.  Specifically, Doyle and DiJon alleged that Litchfield had improperly used "approximately 10,000 cubic yards of incinerated sludge ash from the Naugatuck, Connecticut landfill as part of cover material," although Litchfield knew or should have known that "such sludge ash contained toxic metals which would leach pollutants into ground and surface waters," and that Litchfield had "failed to properly analyze or test the incinerated sludge ash from Naugatuck, Connecticut."  Ex. B, Amendment to Complaint (Oct. 29, 1997) at ¶ 24d, 24e.

8.     Trial of the state court action took place before Superior Court Judge Stephen Frazzini during May, June, and July 2000 and included fifteen days of testimony with expert witnesses on both sides, two site visits, and various motion hearings.  The parties submitted extensive post-trial briefs, and the court heard closing arguments in September 2000.  On January 8, 2001, the court issued a 33-page memorandum of decision, rendering judgment against the plaintiffs and in favor of Litchfield.  See Ex. F, Memorandum of Decision (Jan. 8, 2001), 2001 Conn. Super. LEXIS 74.

9.     Judge Frazzini concluded that plaintiffs "failed to meet their burden of proof to establish the existence of a pathway for leachate to migrate from the landfill to the plaintiffs' property."  Id. at *18.

10.     Judge Frazzini concluded that "plaintiffs did not sustain their burden of proof of establishing that there were elevated levels of contaminated substances in the soil of the Doyle property in comparison with applicable and appropriate standards."  Id. at *31.

11.     Judge Frazzini concluded that "plaintiffs did not bear their burden of establishing, by a preponderance of proof, that the surface or ground water on the Doyle property contained elevated levels of constituents exceeding recognized and applicable standards."  Id. at *45.

12.     Judge Frazzini concluded that plaintiffs "fail[ed] to preclude the possibility that the results found on the Doyle property were naturally occurring levels," which provided, "another fatal flaw in their claim to have proven that the constituents found on their property resulted from landfill leachate contamination."  Id. at *49.

13.     Judge Frazzini concluded that "[t]he evidence presented to the court did not establish, by a fair preponderance, that either one molecule or elevated levels of landfill constituents were on the plaintiff's property."  Id. at *54.

14.     Acting *pro se*, Doyle appealed from the state court judgment.  DiJon v. Town of Litchfield, No. AC 22479; Doyle v. Hugh Webster, No. AC 22480; Doyle v. Arthur Webster, No. AC 22481.  The Connecticut Appellate Court dismissed each of the appeals in January 2002.  Doyle filed motions for review or reconsideration, which were dismissed by the Appellate Court in March 2002.  In May 2002, the Connecticut Supreme Court denied Doyle's motion for transfer and dismissed Doyle's motion for further appellate review, concluding the litigation in the state courts.  See Exs. I through K.

15. In February 1998, after the state court litigation was filed, DiJon conveyed an interest in the Property to Doyle. Ex. F at 3 n.3; see Ex. E, Third Amended Complaint (Apr. 21, 2000) at ¶2.

16. By the time the litigation in the state court reached trial, Doyle had lost the Property in unrelated foreclosure proceedings. See Ex. F at 2 n.1; see also Amended Complaint (in this action) (May 22, 2002) at ¶¶ 2, 14.

17. Since some time before he filed the present action in this Court in April 2002, Doyle has lived in the Town of Woodbury. See Civil Rights Complaint (in this action) (Apr. 11, 2002); see also Second Amended Complaint (Sept. 24, 2004) at ¶ 3.

DEFENDANT – TOWN OF LITCHFIELD, CT.

By      /s/
    George A. Dagon – ct06599
    Theresa M. Parietti - ct-23559

Murtha Cullina LLP
CityPlace I
185 Asylum Street, 29th Floor
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Fax: (860) 240-6150
e-mail:  gdagon@murthalaw.com
        tparietti@murthalaw.com

CERTIFICATE OF SERVICE

      I hereby certify that on November 15, 2004, a copy of Defendant's Local Rule 56(a)1 Statement in Support of Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          /s/
                                    George A. Dagon, Jr.