UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| TIMOTHY P. DOYLE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 3:02 CV 656 (JCH) |
| TOWN OF LITCHFIELD, et al. | : |
| | : |
| Defendants. | : NOVEMBER 24, 2004 |

---

### AMENDED LOCAL RULE 56(a)1 STATEMENT
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(a)1 of the Local Rules of Civil Procedure, defendant Town of Litchfield ("Litchfield") contends that there are no genuine issues to be tried with respect to the following material facts on Litchfield's Motion for Summary Judgment:

1.  In 1996, Lisa DiJon ("DiJon"), who was at that time the fiancée of plaintiff Timothy Doyle ("Doyle"), purchased real property at 521 South Plains Road, Litchfield, Connecticut ("the Property").  Ex. F, Memorandum of Decision (Jan. 8, 2001) in *Lisa I. DiJon and Timothy P. Doyle v. Town of Litchfield* (Docket No. CV-97 0074982 S) and related cases, 2001 Conn. Super. LEXIS 74, at *4 (Frazzini, J.).

2.  In 1997, Doyle and his then spouse, DiJon, filed an action against Litchfield in the Superior Court of Connecticut, Judicial District of Litchfield, asserting claims based upon alleged contamination of the Property.  Ex. A, summons (returnable Oct. 21, 1997) and Complaint (dated Sept. 24, 1997) in *Lisa I. DiJon and Timothy P. Doyle v. Town of Litchfield*.

3.     In their initial complaint, plaintiffs Doyle and DiJon alleged that flows of leachate from Litchfield's former landfill, containing toxic metals and hazardous wastes, had contaminated the Property and had caused the plaintiffs to sustain various losses and damages, including diminution or destruction of the value of the Property, economic loss due to frustration of their plans to use the Property for a horse breeding enterprise, and expenditures for environmental testing and remediation.  Ex. A at ¶ 23.  Doyle and DiJon sought injunctive relief, compensatory damages, exemplary or punitive damages, and treble damages.  Ex. A at 7.

4.     During the pendency of the state court action, attorneys for Doyle and DiJon amended their complaint several times, advancing a variety of theories of liability against Litchfield, including private nuisance, public nuisance, absolute nuisance, willful and reckless conduct, negligence, negligence per se, cost recovery under state statute, trespass, strict liability for ultrahazardous activity, hazardous waste disposal, violations of state and federal statutes, stigma, and constitutional taking.  Exs. B-E, plaintiffs' amended complaints in *DiJon v. Litchfield* (various dates between 1997 and 2000).

5.     Plaintiffs' pleadings in the state court action specifically asserted a claim for recovery of environmental costs under Conn. Gen. Stat. § 22a-452 (e.g., Ex. B, Amendment to Complaint in *DiJon v. Litchfield* (Oct. 29, 1997) at ¶ 10 *et seq.*), a claim for strict liability (e.g., Ex. E, Third Amended Complaint in *DiJon v. Litchfield* (Apr. 21, 2000) at ¶ 61 *et seq.*), and a claim for negligence per se based upon statutory violations (e.g., Ex. E at ¶ 42 *et seq.*; cf. Ex. D, Second Amended Complaint in *DiJon v. Litchfield* (May 1, 1998) at ¶ 22 *et seq.*).

6. In the state court action, plaintiffs alleged that Litchfield had violated numerous statutes, specifically including "42 USC Section 9601 et sec [sic] (Comprehensive Environment Response Compensation & Liability Act of 1980 CERCLA)" and "Federal Resource Conservation & Recovery Act 42 USC 6901 et sec [sic] (RCRA)." Ex. D at ¶ 22e.

7. In addition to claiming that the flow of leachate from the landfill had contaminated the Property, the plaintiffs claimed that Litchfield's closure of its landfill had been handled improperly. Specifically, Doyle and DiJon alleged that Litchfield had improperly used "approximately 10,000 cubic yards of incinerated sludge ash from the Naugatuck, Connecticut landfill as part of cover material," although Litchfield knew or should have known that "such sludge ash contained toxic metals which would leach pollutants into ground and surface waters," and that Litchfield had "failed to properly analyze or test the incinerated sludge ash from Naugatuck, Connecticut." Ex. B at ¶¶ 24d, 24e.

8. Trial of the state court action took place before Superior Court Judge Stephen Frazzini during May, June, and July 2000 and included fifteen days of testimony with expert witnesses on both sides, two site visits, and various motion hearings. The parties submitted extensive post-trial briefs, and the court heard closing arguments in September 2000. On January 8, 2001, the court issued a 33-page memorandum of decision, rendering judgment against the plaintiffs and in favor of Litchfield. Ex. F, 2001 Conn. Super. LEXIS 74.

9. Judge Frazzini concluded that plaintiffs "failed to meet their burden of proof to establish the existence of a pathway for leachate to migrate from the landfill to the plaintiffs' property." Id. at *18.

10.    Judge Frazzini concluded that "plaintiffs did not sustain their burden of proof of establishing that there were elevated levels of contaminated substances in the soil of the Doyle property in comparison with applicable and appropriate standards." Id. at *31.

11.    Judge Frazzini concluded that "plaintiffs did not bear their burden of establishing, by a preponderance of proof, that the surface or ground water on the Doyle property contained elevated levels of constituents exceeding recognized and applicable standards." Id. at *45.

12.    Judge Frazzini concluded that plaintiffs "fail[ed] to preclude the possibility that the results found on the Doyle property were naturally occurring levels," which provided, "another fatal flaw in their claim to have proven that the constituents found on their property resulted from landfill leachate contamination." Id. at *49.

13.    Judge Frazzini concluded that "[t]he evidence presented to the court did not establish, by a fair preponderance, that either one molecule or elevated levels of landfill constituents were on the plaintiff's property." Id. at *54.

14.    Acting *pro se*, Doyle appealed from the state court judgment. *DiJon v. Town of Litchfield*, No. AC 22479. The Connecticut Appellate Court dismissed Doyle's appeal in January 2002. Ex. K, Order (Jan. 9, 2002). After the Appellate Court dismissed his motion for reconsideration, Doyle filed a motion in the Connecticut Supreme Court seeking transfer and further appellate review of the case. Ex. I, Motion for Review/Transfer to Supreme Court (Mar. 31, 2002). The Supreme Court denied Doyle's request for transfer and dismissed Doyle's motion for review, concluding the litigation in the state courts. Ex. J, Order (May 2, 2002).

15. In February 1998, after the state court litigation was filed, DiJon conveyed an interest in the Property to Doyle. Ex. F at *4 n.3; see Ex. E at ¶ 2.

16. By the time the litigation in the state court reached trial, Doyle had lost the Property in unrelated foreclosure proceedings. Ex. F at *3 n.1; see also Amended Complaint (in this action) (May 22, 2002) at ¶¶ 2, 14.

17. Since some time before he filed the present action in this Court in April 2002, Doyle has lived in the Town of Woodbury. See Civil Rights Complaint (in this action) (Apr. 11, 2002); see also Second Amended Complaint (in this action) (Sep. 24, 2004) at ¶ 3; cf. Ex. I (attaching copy of a Social Security check addressed to Doyle in Woodbury).

        DEFENDANT – TOWN OF LITCHFIELD

By  /s/ George A. Dagon, Jr._____
    George A. Dagon, Jr. - ct06599
    Theresa M. Parietti - ct23559

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
E-mail:  gdagon@murthalaw.com
        tparietti@murthalaw.com
Its Attorneys

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2004, a copy of foregoing Amended Local Rule 56(a)(1) Statement in Support of Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ George A. Dagon, Jr._____
George A. Dagon, Jr.