UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X   Civil Number: 02-CV-656 (GLG.
TIMOTHY P. DOYLE                          :
                                          :
      Plaintiff                          :
                                          :
  v.                                      :
                                          :
TOWN OF LITCHFIELD                        :
                                          :
      Defendant                          :
---------------------------------------------------------X   December 20, 2004

**LOCAL RULE 56(a)2 STATEMENT**

Plaintiff Timothy P. Doyle, through undersigned counsel, submits the within Local Rule 56(a)2 Statement in opposition to defendant Town of Litchfield's (the "Town") Motion for Summary Judgment (the "Town's Motion").[1]

1. Admitted.

2. Admitted.

3. Denied as to the statement that Doyle and DiJon sought recovery of expenditures for environmental testing and remediation. See Town's Motion at Ex. A. Admitted as to the remaining statement. Plaintiff also objects to citations to superceded pleadings from the State Court Action as irrelevant.

4. Admitted.

5. Admitted, but objects to citations to superceded pleadings from the State Court Action as irrelevant.

---

[1] The terms and abbreviations used in the Second Amended Complaint (the "Complaint") and /or the Town's Answer and Affirmative Defenses (the "Answer") are incorporated herein by reference.

58727                                    1

6. Denied. See Town's Motion at Exhibit D, ¶22e; Plaintiff did not make reference to CERCLA or RCRA. Plaintiff also objects to citations to superceded pleadings from the State Court Action as irrelevant.

7. Admitted, but objects to citations to superceded pleadings from the State Court Action as irrelevant.

8. Admitted.

9. Admitted that this language appears in the State Court Decision. Plaintiff objects, however, to the extent the isolated language cited by the Town is taken out of context.

10. Admitted that this language appears in the State Court Decision. Plaintiff objects, however, to the extent the isolated language cited by the Town is taken out of context.

11. Admitted that this language appears in the State Court Decision. Plaintiff objects, however, to the extent the isolated language cited by the Town is taken out of context.

12. Denied. The Town misquotes the State Court Decision. Plaintiff also objects to the extent the isolated language cited by the Town is taken out of context.

13. Admitted that this language appears in the State Court Decision. Plaintiff objects, however, to the extent the isolated language cited by the Town is taken out of context.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

## DISPUTED ISSUES OF MATERIAL FACT

1. Whether Plaintiff incurred response cost as defined by CERCLA. See Complaint and Answer at ¶¶13, 15 and 16.

2. Whether Plaintiff spent time and money responding to a leachate problem emanating from the Landfill and resulting in the contamination of the Property both before and after the institution of the State Court Action. See Complaint and Answer at ¶¶13, 15 and 16.

3. Whether Plaintiff was unable to correct the damage inflicted on the Property, or otherwise cease the continuing flow of leachate from the Landfill to the Property. See Complaint and Answer at ¶¶13, 15 and 16.

4. Whether Plaintiff was unaware of the measures taken by the Town pursuant to the DEP order until well after his purchase of the Property. See Complaint and Answer at ¶22.

5. Whether the Town is a potentially responsible party as defined in 42 U.S.C. § 9607(a). See Complaint and Answer at ¶43.

6. Whether the Landfill is a facility as defined by 42 U.S.C. § 9601(a). See Complaint and Answer at ¶44.

7. Whether hazardous substances, contaminants and pollutants were released from the Landfill as defined by CERCLA. See Complaint and Answer at ¶45.

8. Whether Plaintiff has incurred response costs as a result of the aforementioned release. See Complaint and Answer at ¶46.

9. Whether the sludge ash and sludge ash covering is a hazardous waste as that term is defined in 42 U.S.C. § 6903. See Complaint and Answer at ¶49.

10. Whether Crompton's transportation and disposal of the sludge ash violated the Resource Conservation & Recovery Act, 42 U.S.C. § 6972 et seq. ("RCRA"). See Complaint and Answer at ¶ 50.

11. Whether the Town's complicity, cooperation and/or contribution in the disposal, handling and/or storage of hazardous waste at the Landfill, and the sludge ash from Crompton, violated the RCRA by (a) contributing to the past and present handling, storage and disposal of hazardous waste in a manner presenting an imminent and substantial endangerment to health and the environment; and (b) violating applicable permits, standards, requirements and/or regulations regarding the handling of hazardous waste and under RCRA. See Complaint and Answer at ¶ 51.

12. Whether the Town, which was aware of the leachate problem at the Landfill, acted purposefully, recklessly and/or negligently in accepting, without review or due diligence, sludge ash that contained excessively high levels of hazardous substances as capping material for the Landfill. See Complaint and Answer at ¶ 54.

          THE PLAINTIFF
          TIMOTHY P. DOYLE

/s/ John T. Shaban
John T. Shaban (ct14075)
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830
203-869-3800
203-869-1951 (facsimile.
jshaban@wbamct.com

58727            4

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2004, a copy of foregoing Local Rule 56(a)2 Statement was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ John T. Shaban
John T. Shaban (ct14075)
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830
203-869-3800
203-869-1951 (facsimile)
jshaban@wbamct.com

58727                                    5