1

```
NO.  CV-98-0076407                :  SUPERIOR COURT
     LISA M. DOYLE, ET AL
     VS.
     HUGH WEBSTER, ET AL

NO.  CV-97-0074982                :  JUDICIAL DISTRICT OF
     LISA DiJON, ET AL
     VS.
     TOWN OF LITCHFIELD           :  LITCHFIELD AT LITCHFIELD

NO.  CV-99-0079961
     TIMOTHY DOYLE, ET AL
     VS.
     ARTHUR WEBSTER, ET AL        :  APRIL 28, 2000
```

                    (EXCERPT-ORDER)



B E F O R E :

            THE HONORABLE STEPHEN F. FRAZZINI



APPEARANCES:

   JOSEPH A. TRANFO, ESQ.
       Attorney for the Plaintiffs,
       Timothy P. Doyle and Lisa DiJon, AKA Lisa Doyle

   GEORGE A. DAGON, JR., ESQ.
       Attorney for the Town of Litchfield, 97-74982

   THOMAS F. HOGAN, ESQ.
       Attorney for Hugh Webster, 98-76407
       Timothy Webster and Arthur Webster, 99-79961

   DUNCAN B. HUME, ESQ.
       Attorney for EJ Murphy and Diane Paterno, 98-76407

                    Reported by:

                  ROBIN M. MITCHELL
                  COURT REPORTER

                    Superior Court
           15 West Street - P.O. Box 131
                 Litchfield, CT 06759
                      567-4263

1    (EXCERPT.)

2    THE COURT: All right, I'm going to take a brief
3    recess while I read that case, and I will come out in a
4    while.

5    (THE COURT RECESSED.)

6    (THE COURT RECONVENED.)

7    THE COURT: I'm going to grant the motion to
8    preclude the disclosure.

9    I have heard and considered the testimony
10   presented this morning and the oral arguments today and
11   last week. I've read the thoughtful memoranda
12   presented to me by counsel for all parties.

13   The standard the Court applies in deciding a
14   motion to preclude is one set forth in the Practice
15   Book. It involves three factors as to a late
16   disclosure: Undue prejudice to the moving party, undue
17   interference with the order and progress of trial, bad
18   faith delay of disclosure by the disclosing party.

19   I reject the legal theory that was advanced by the
20   plaintiffs' lawyer that it is only late disclosure of
21   the name of an expert that can lead to preclusion of an
22   expert's opinion. I realize that Section 13-4
23   subsection (4) does -- the language literally says that
24   failure to disclose the name of the expert can lead to
25   preclusion of the expert's testimony, but the rule
26   makes clear in its totality that the disclosure of the
27   expert also entails disclosure of the subject matter on

which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion. I realize that the courts have held that Section 13-4 is the sole source of authority for courts to order disclosure of expert opinion, but I think that the rule -- the reading of the rule that is advanced by plaintiffs' counsel would lead to absurd results and completely undermine the rule.

To the credit of plaintiffs' counsel, he did cite the one controlling opinion on this issue, Ciarelli, C-i-a-r-e-l-l-i, versus Romeo, at 46 Connecticut Appellate Reports 277, which did sustain the decision of a trial court to preclude a portion of an expert witness' testimony on matters that had not been disclosed previously.

The courts have a duty to administer justice to the people in this state based upon the laws of this state and country and the rules and procedures that are established for judicial proceedings. Under those rules, parties are required to make disclosures in a timely manner and in accord with the rules and orders of the court. In this case the time for disclosure of an expert opinion had long since passed. Parties are entitled to rely on the disclosures made by other parties and their lawyers and prepare their cases accordingly. Enforcing the rules of court, while I'm

1   sure plaintiffs may find it a hardship, is necessary
2   for the carrying out of the court's business in a fair
3   and efficient way for all parties and the public.
4       I find that the plaintiffs have -- that the
5   defendants have met the burden required under Practice
6   Book Section 13-4 subsection (4) for precluding the
7   late disclosed portion of the opinion.  I reject
8   Mr. Tranfo's claim that there's no prejudice here.
9   Based upon the testimony I've heard, I find that
10  allowing this testimony would substantially change the
11  nature of the claims and the proof and require
12  substantial delay to give the defendants adequate time
13  to respond.  It would further prejudice the defendants
14  by requiring them, in effect, after having prepared
15  their case for trial once based upon one theory in the
16  case, and one proof, for sustaining that theory, to
17  completely retool their defenses.  I also believe that
18  would lead to undue interference with orderly progress
19  of trial.  In fact, trial could not proceed now in view
20  of all of the testimony that would be necessary and
21  appropriate for defendants.  And based on the testimony
22  I've heard, I can't say when trial could proceed.  It
23  would be difficult to set a date, because the testimony
24  establishes that each portion of testing might lead to
25  additional testing.
26      The defendants also advanced the claim of bad
27  faith.  I don't find it excusable to fail to disclose

1  the testing was going to be undertaken earlier.
2  Evidence here from the plaintiffs' witness was that he
3  was making plans to begin this testing as early as
4  April 10th of this year.  And Mr. Tranfo did imply,
5  without directly stating, that he wasn't involved, or
6  didn't know about that decision then.  But whether
7  another lawyer in his firm or the parties themselves
8  were making those plans with the expert, counsel is
9  under the obligation to know and disclose what is going
10 on in -- on behalf of his clients, or at least to
11 qualify his answers when he's asked specific questions
12 and is unable to disclose completely.  And without
13 repeating all of what happened in the April 14th
14 conference as it's been disclosed to me both today and
15 on previous days, that on the April 14th conference
16 that the defendants believe they had received
17 confirmation from Mr. Tranfo as to the nature of his
18 expert testimony, that turns out not to have been what
19 the plaintiffs themselves were doing.
20     This is a decision that's committed to the sound
21 discretion of the trial court by our Appellate Courts.
22 I have great sympathy for any person who owns land
23 that's been polluted or contaminated by the actions of
24 others.  And the law provides remedies for that
25 contamination.  While I'm not unmindful of the possible
26 harm to the plaintiffs' case by this decision, I would
27 point out that these cases, at least the earliest, has

1   been pending since 1997, and this testing could have
2   been performed at any time since then.
3       While defendants have requested sanctions, and the
4   facts in this case might well in the Court's opinion
5   support that request, I've decided not to order any
6   sanctions in view of the decision I have rendered here.
7       Now, I understand, and I think it's appropriate,
8   as in Mr. Dagon's memorandum, that the defense would
9   request a short delay given the time that they had made
10  -- they found necessary to respond to the disclosure.
11      Is that something the parties are prepared to
12  discuss with each other?  Or -- and perhaps they can
13  report to the clerk off the record.  I don't -- I do
14  intend to start trial promptly, but I understand that
15  this issue was important to both sides, it took a lot
16  of time and energy on both sides' part, and it was
17  unanticipated until brought up last week.  So I will go
18  into recess and give the parties an opportunity to
19  confer on this point.  And if we can't -- if we can't
20  come up with something satisfactory, then I will enter
21  an order from the bench.  Recess.
22
23
24
25
26
27

NO. CV-98-0076407
LISA M. DOYLE, ET AL
VS.
HUGH WEBSTER, ET AL

NO. CV-97-0074982
LISA DiJON, ET AL
VS.
TOWN OF LITCHFIELD

NO. CV-99-0079961
TIMOTHY DOYLE, ET AL
VS.
ARTHUR WEBSTER, ET AL


- C E R T I F I C A T E -


I, Robin M. Mitchell, hereby certify that the within and foregoing contain an accurate and complete transcription of my stenographic notes, as requested, taken on this 2nd day of May, 2000, to the best of my knowledge and ability.

Dated at Litchfield, Connecticut, on this 4th day of May, 2000.

*Robin M. Mitchell*

Robin M. Mitchell, RPR, CSR
CT Shorthand Rpr. No: 00315
NCRA No.:  048734