UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------X   Civil Number: 02-CV-656 (GLG)
TIMOTHY P. DOYLE,                                     :
                                                      :
         Plaintiff                                    :
                                                      :
    v.                                                :
                                                      :
TOWN OF LITCHFIELD; CROMPTON                          :
MANUFACTURING COMPANY, INC.;                          :
UNIROYAL CHEMICAL COMPANY, INC.;                      :
NAUGATUCK TREATMENT COMPANY                           :
                                                      :
         Defendants                                   :
------------------------------------------------------X   June 29, 2005

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
RENEWED MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Pursuant to Fed. R. Civ. Pro. Rule 15, Plaintiff, Timothy P. Doyle, through undersigned counsel, offers the within Memorandum of Law in support of Plaintiff's renewed Motion for Leave to File a Third Amended Complaint to: (1) re-assert claims against named defendant Crompton Manufacturing Company ("Crompton") and its subsidiaries Uniroyal Chemical Company, Inc. ("Uniroyal") and Naugatuck Treatment Company ("NTC") (collectively, the "Crompton Defendants"); and (2) to re-state the complaint to conform to the Court's June 1, 2005 Ruling Re: Defendant's Motion for Summary Judgment (Docket No. 71) (the "Ruling").[1]

PROCEDURAL POSTURE

Plaintiff, acting *pro se*, initiated this action against the Town of Litchfield (the "Town") by Complaint dated April 8, 2002. Plaintiff sought equitable relief and damages

---

[1] Plaintiff incorporates herein by reference the findings, terms and conclusions contained in the Ruling.

63247                                    1

deriving from his incurring response costs in connection with his property being allegedly contaminated by leachate runoff from the Town's dump and landfill (the "Landfill").

On or about May 23, 2002, Plaintiff, still acting *pro se*, filed an Amended Complaint wherein he added "Crompton Corporation as parent of Uniroyal Chemical" as a defendant based Uniroyal's supplying incinerated sludge ash, which contained hazardous substances, to the Town for use as a top cover for the Landfill. Plaintiff's Amended Complaint purported to state causes of action based on (i) violations of the Fourteenth Amendment; (ii) a violation of 42 U.S.C. § 9607(a); (iii) Private Nuisance; (iv) Trespass Class Action; and (v) Toxic Tort Class Action.

On September 9, 2002, Crompton moved to dismiss the Amended Complaint on the grounds that it failed to state a viable claim. Crompton argued, *inter alia*, that it could not be liable for the actions of its subsidiary, Uniroyal Chemical Company. Because plaintiff, still acting *pro se*, failed to oppose the motion to dismiss, the Court granted Crompton's motion on October 8, 2002 based on the "absence of opposition." The Town answered the Amended Complaint on September 11, 2002.

In January 2003, the Court granted plaintiff's application for appointment of *pro bono* counsel, and appointed the undersigned as counsel for plaintiff. The undersigned thereafter switched firms, and plaintiff was required to file a new a Motion for Order Authorizing Payment of Fees and Litigation Expenses. Said motion was granted on April 21, 2003.

Through appointed counsel, Plaintiff filed a motion to amend the complaint to (1) restate claims against the Town, (2) replead its claims against Crompton, and (3) add Crompton's subsidiaries Uniroyal and NTC as defendants. The Crompton Defendants

63247                                            2

opposed the motion arguing that the amendment would be futile by virtue of the *res judicata* effect of the earlier state court decision ("SCD") between Plaintiff and the Town. See Ruling at 3-4. Judge Goettel agreed, and by ruling dated October 22, 2003, denied Plaintiff's motion to amend as against Crompton as futile.

Plaintiff filed an appeal (in *forma pauperis*) of Judge Goettel's ruling on July 12, 2004. After conference with the Second Circuit, Plaintiff's appeal was withdrawn by stipulation on July 6, 2004 as premature because claims remained against the Town. See Ruling at 5.

By this Court's directive (Hall, J.), Plaintiff filed a Second Amended Complaint on September 24, 2004 against the Town only -- i.e., not asserting claims against Crompton -- to enable the Town to file a motion for summary judgment based on the SCD.

On June 1, 2004, this Court granted the Town's motion as to Plaintiff's sate based and RCRA claims, but denied the motion as to Plaintiff's CERCLA claims. The Court's Ruling held:

> Similarly, here, even though the Superior Court of Connecticut found that hazardous substances from Litchfield's landfill would not migrate to Doyle's property, Doyle may recover monitoring and evaluation costs if he otherwise satisfies the elements of a CERCLA claim.
>
> ***
>
> Based on the above conclusions of law, Doyle may pursue his CERCLA claim. Because the elements of that claim have not been fully argued, the factual issues have neither been supported nor denied with evidence adequate to show that there is no genuine issue of material fact. Many of the issues of material fact that Doyle claims are disputed are actually elements of his CERCLA claim. See Plaintiff's Local Rule 56(a)2 Statement; 42 U.S.C. §§9601(9), 9607(a). He should be allowed the opportunity to prove these elements. Thus, the Town's motion for summary judgment as to the CERCLA claim is denied.

Significantly, this Court noted in footnote 5 of the Ruling:

> When Judge Goettel denied Doyle's motion to amend the complaint by adding Uniroyal and NTC as defendants, he did so because he found the amendment would be futile. Ruling on Mot. For Leave to Amend Compl. at 7. He noted that the state court's finding of no contamination was dispositive, presumably assuming that contamination is necessary to a CERCLA claim. See id. However, he did not discuss or necessarily decide that issue, except by implication. To the extent that the issue was decided, this court has discretion to revisit it under the law of the case doctrine. See SCS Communications, Inc. v. Herrick Co., 360 F.3d 329, 336 (2d Cir. 2004).

Plaintiff files the within motion to request that the Court revisit Judge Goettel's ruling.

## ARGUMENT

Plaintiff respectfully submits that Judge Goettel erred when he denied Plaintiff's earlier motion to amend, and requests this Court to revisit the issue in light of the Ruling. Indeed, as noted by the Court, Judge Goettel's ruling was based on the erroneous conclusion that Plaintiff's claims against the Crompton Defendants were futile because he believed that the SCS precluded Plaintiff's claims. This Court has since corrected that position with respect to, at a minimum, Plaintiff's CERCLA claims.

The attached proposed Third Amended Complaint is tailored to the Court's Ruling, and asserts a CERCLA claim and several related state-based claims against the Crompton Defendants. In conformity with the Ruling, Plaintiff's proposed complaint does not assert a cause of action under RCRA (as he did in his Second Proposed complaint).

The reintroduction of Crompton Defendant's to the matter will not prejudice these entities because (a) they have been on notice of Plaintiff's claims service by virtue of plaintiff originally suing "Crompton Corporation as parent of Uniroyal" based on actions

that occurred at NTC, and (b) they have also been served with all pleadings (Second Circuit and District Court) throughout the matter.

Further, and as recognized in the Ruling, Plaintiff has been made to suffer grave financial harm as a result of the acts of the Town and the Crompton Defendants. Justice requires that leave to amend the complaint to rename the Crompton Defendants and assert claims against them in conformity with the Ruling.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves the Court for leave to amend his complaint through the filing of the annexed Third Amended Complaint.

>                THE PLAINTIFF
>                TIMOTHY P. DOYLE
>
>
>         BY /s/John T. Shaban
>                John T. Shaban (ct14075)
>                Whitman Breed Abbott & Morgan LLC
>                100 Field Point Rd.
>                Greenwich, CT 06830
>                203-869-3800
>                203-869-1951 (facsimile)
>                jshaban@wbamct.com