UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| TIMOTHY P. DOYLE, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 3:02 CV 656 (WIG) |
| TOWN OF LITCHFIELD, | : |
| Defendant. | : DECEMBER 8, 2005 |

---

### TOWN OF LITCHFIELD'S MEMORANDUM OF LAW IN SUPPORT OF POSITION THAT THIS ACTION IS NOT APPROPRIATE FOR TRIAL BEFORE A JURY

Pursuant to the Court's November 17, 2005 Order, the Town of Litchfield ("Litchfield") submits this memorandum of law addressing Litchfield's position that this matter should be tried by the Court. Because plaintiff Timothy Doyle's ("Doyle") sole remaining claim against Litchfield is for recovery of purported response costs under CERCLA, Doyle is not entitled to a jury trial. As Doyle has not and cannot offer any authority to the contrary, this Court should reject his claim that he is entitled to a jury trial and schedule this matter for a trial to the Court.

### ARGUMENT

As the Third Circuit explained in its often cited decision on this issue, Hatco Corp. v. W.R. Grace & Co., 59 F.3d 400, 411 (3rd Cir. 1995), there can be no right to jury trial under 42 U.S.C. § 9607 because an action for cost recovery under CERCLA is a claim for restitution, which lies in equity. Id. at 411 (adopting Eighth Circuit Court of Appeals' holding in United

States v. Northeastern Pharm. & Chem. Co., 810 F.2d 726, 749 (8th Cir. 1986), and noting that Northeastern Pharm. had been "widely accepted").

In Northeastern Pharm., the Eighth Circuit affirmed the district court's ruling denying plaintiff's demand for a jury trial. The court held that a plaintiff seeking recovery of costs under CERCLA is "in effect seeking equitable relief in the form of restitution or reimbursement of the costs it expended in order to respond to the health and environmental danger presented by hazardous substances." Id. at 749 (*citing* cases). The court therefore affirmed the district court's ruling that appellants did not have a right to a jury trial of their CERCLA cost recovery claims. Id.

Courts around the country have reached this same conclusion. See, e.g., New York v. Longboat, Inc., 140 F. Supp. 2d 174, 178-79 (N.D. N.Y. 2001) (holding plaintiff was not entitled to jury trial on his claims for response costs under CERCLA, court observed that "although the Second Circuit has not directly ruled on this issue, it ha[d] noted that the *overwhelming weight* of authority holds that Congress did not intend a jury trial when the plaintiff seeks recovery of response costs") (*citing* State of New York v. Lashins Arcade Co., 91 F.3d 353, 362 (2d Cir. 1996) (emphasis added)); see also Consolidated City of Indianapolis v. Union Carbide Corp., No. 1:02-cv-1340-LJM-WTL, 2003 U.S. Dist. LEXIS 18180, at *4-6 (S.D. Ind. Oct. 8, 2003) (*citing* cases) (attached at Tab A).

The Second Circuit Court of Appeals has not yet ruled on whether a plaintiff seeking responses costs under CERCLA is entitled to a jury. The Second Circuit expressed concern, however, with the ruling in the *only* case (State v. Lashins Arcade Co., 881 F. Supp. 101 (S.D.N.Y. 1995)) Doyle has cited in support of his position that he is entitled to have a jury

consider his CERCLA claims.  <u>See</u> John Shaban letter to Judge Janet C. Hall, dated October 27, 2005.

On appeal in <u>Lashins Arcade Co.</u>, the Second Circuit emphasized that by affirming the district court's decision it was not in fact affirming the district court's holding that plaintiff, who was "seek[ing] a judgment for money damages for clean-up costs" under CERCLA, was entitled to a jury trial.  <u>State v. Lashins Arcade Co.</u>, 91 F.3d at 362 n.7 (noting that ruling upon jury issue "no longer present[ed] a live issue for [the court's] resolution").  Indeed, the Second Circuit strongly suggested that it would have followed the majority rule had it been asked to decide whether plaintiff was entitled to a jury trial.  The court "caution[ed] [ ] that the district court's ruling [stood] alone (so far as [it was] aware) *in opposition to the overwhelming weight of authority on [the] issue."*  <u>Id.</u> (emphasis added).

In sum, Litchfield is aware of no solid authority supporting Doyle's position that he is entitled to a jury on his CERCLA claim.  The "overwhelming weight of authority" (<u>see</u> <u>Lashins Arcade Co.</u>, 91 F.3d at 362 n.7) is to the contrary.

Litchfield addresses a point that Doyle's counsel previously raised in his October 27, 2005 letter to Judge Hall and which Litchfield expects he may raise again.  In that letter, counsel argued that because former defendant Crompton Corporation ("Crompton") might someday bring a contribution action under 42 U.S.C. § 9613 against Litchfield, the "broader context" of this litigation entitles Doyle to a jury trial presently on his claims under 42 U.S.C. § 9607.  This foreshadowing, even if accurate, does not assist Doyle's cause.  Whether Doyle someday may bring an action against Crompton that will lead Crompton to bring a 42 U.S.C. § 9613 contribution claim against Litchfield is wholly irrelevant to whether Doyle is entitled to

a jury in *this* action. Preliminarily, however, because this action does not yet include a claim under 42 U.S.C. § 9613, Litchfield submits that this Court need not yet address whether a party is entitled to a jury under 42 U.S.C. § 9613.

Further, even if Doyle properly may ask the Court to consider what Crompton may do in the *future* when deciding whether Doyle is entitled to a jury trial *now*, that this litigation may someday also involve a claim under 42 U.S.C. § 9613 does not necessarily mean that a jury will consider those claims. For reasons similar to those leading courts to conclude that parties bringing actions for cost recovery under 42 U.S.C. § 9607 are not entitled to a jury, many courts conclude that a jury should not consider claims for contribution under 42 U.S.C. § 9613. In fact, the Third Circuit's seminal holding in Hatco addressed claims under Sections 9613 *and* 9607. See Hatco, 59 F.3d at 414 (holding "that in suits brought under 42 U.S.C. §§ 9607 or 9613 (f)(1), the parties are not entitled to a jury trial"); see also CPI Plastics, Inc. v. USX Corp., 22 F. Supp. 2d 1373 (N.D. Ga. 1998) ("persuaded by the sound reasoning of the Hatco court," court held "that there is no right to a jury trial for [ ] contribution claims under § 113(f) of CERCLA"); State v. Almy Bros., 1998 U.S. Dist. LEXIS 1280, at *43 n.5 (N.D. N.Y. 1998) (recognizing that Second Circuit had "not yet addressed the issue of whether the parties to a contribution action brought pursuant to § 9613(f) are entitled to a jury trial," court followed the Third Circuit's "well-reasoned opinion" in Hatco and designated the contribution action as a non-jury matter) (attached at Tab B).

Indeed, in Longboat, discussed *supra*, in which the Northern District of New York interpreted Lashins Arcade Co.'s strong dicta to indicate that the Second Circuit ultimately will join the majority and hold that a plaintiff seeking response costs under CERCLA is not

entitled to a jury trial, the court expressly anticipated that defendant in that action might bring a future contribution claim under 42 U.S.C. § 9613(f)(1).  See <u>Longboat</u>, 140 F. Supp. 2d at 178.  The <u>Longboat</u> court nonetheless held that a jury should not decide claims for response costs under Section 9607.  <u>Id.</u> at 179-80.

## CONCLUSION

In Doyle's sole remaining claim against Litchfield, he seeks response costs under CERCLA, which is essentially a claim for equitable relief.  This is the only claim before this Court.  For the foregoing reasons, Doyle is not entitled to a jury trial on this claim and this matter should be scheduled for a trial to the Court.

DEFENDANT – TOWN OF LITCHFIELD

By   /s/ Theresa M. Waugh
    George A. Dagon, Jr. - ct06599
    Theresa M. Waugh - ct23559

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  860-240-6000
Facsimile:  860-240-6150
Email:  gdagon@murthalaw.com
    twaugh@murthalaw.com
Its Attorneys

CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Theresa M. Waugh
      Theresa M. Waugh