LEXSEE 2003 US DIST LEXIS 18180

THE CONSOLIDATED CITY OF INDIANAPOLIS, Plaintiff, vs. UNION CARBIDE CORPORATION, Defendant and Third-Party Plaintiff, vs. PRODUCERS REALTY CORPORATION and PRODUCERS REALTY, LLC, Third-Party Defendants.

1:02-cv-1340-LJM-WTL

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

2003 U.S. Dist. LEXIS 18180

October 8, 2003, Decided

**SUBSEQUENT HISTORY:** Motion granted by Consol. City of Indianapolis v. Union Carbide Corp., 2003 U.S. Dist. LEXIS 18182 (S.D. Ind., Oct. 8, 2003)

**DISPOSITION:** [*1] Defendant's Motion to Strike Plaintiff's Jury Demand GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff City filed suit against defendant corporation under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C.S. § 9601 et seq., and the Indiana Environmental Legal Actions Statute, Ind. Code § 13-30-9-1 et seq. In its complaint, the City requested a trial by jury. The corporation, by and through its indemnitor, filed a motion to strike the jury demand.

**OVERVIEW:** The City, which purchased property from the corporation, alleged that the corporation released hazardous substances into the surface or subsurface soil or groundwater of the property. The City claimed that it incurred substantial costs in evaluating, removing, and remediating the hazardous substances and brought claims for recovery of response costs under 42 U.S.C.S. § 9607, damage to natural resources, and recovery of reasonable costs and attorney's fees. In granting the corporation's motion, the court held that CERCLA recovery of response claims were equitable in nature. Therefore, the City was not entitled to a jury trial on the recovery of response costs claim. Because the court previously granted the corporations' motion for judgment on the damage to natural resources, the court did not determine whether the City was entitled to a jury trial on that claim. The court held that the claim for recovery of reasonable costs and attorney's fees was an equitable matter committed to the court's discretion.

**OUTCOME:** The court granted the corporation's motion to strike the City's jury demand. The court vacated the jury trial and re-set it for a bench trial.

**COUNSEL:** For CONSOLIDATED CITY OF INDIANAPOLIS, Plaintiff: A. Scott Chinn, LEAD ATTORNEY, CORP COUNSEL FOR THE CITY OF INDPLS, Arend J. Abel, LEAD ATTORNEY, COHEN & MALAD, P.C., Jeffrey L. Simnick, LEAD ATTORNEY, Office of Corp. Counsel, Indianapolis, IN.

For UNION CARBIDE CORPORATION, Defendant: Edward S. Griggs, John M. Kyle, III, LEAD ATTORNEYS, BARNES & THORNBURG, Indianapolis, IN.

For PRODUCERS REALTY, LLC, PRODUCERS REALTY CORPORATION, ThirdParty Defendants: Brian C. Bosma, Gregory P. Cafouros, LEAD ATTORNEYS, KROGER GARDIS & REGAS, LLP, Katherine A. Winchester, Phillip R. Scaletta, LEAD ATTORNEYS, Ann L. Thrasher Papa, ICE MILLER, Indianapolis, IN.

**JUDGES:** LARRY J. MCKINNEY, CHIEF JUDGE, United States District Court, Southern District of Indiana.

**OPINIONBY:** LARRY J. MCKINNEY

**OPINION:**

Case 3:02-cv-00656-WIG   Document 93-2   Filed 12/08/2005   Page 2 of 3

Page 2
2003 U.S. Dist. LEXIS 18180, *

**ORDER ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

This matter comes before the Court on defendant's, Union Carbide Corporation, by and through its indemnitor, Praxair, Inc. (collectively "Union Carbide"), Motion to Strike Plaintiff's Jury Demand. Plaintiff, The Consolidated City of lndianapolis (the "City"), filed this action [*2] against Union Carbide under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA" or the "Superfund"), 42 U.S.C. § 9601 *et seq.,* and the Indiana Environmental Legal Actions Statute ("ELA"), Ind. Code § 13-30-9-1 *et seq.* In its complaint, the City requested a trial by jury on all issues so triable, and Union Carbide seeks to strike that request in the instant motion. The parties have fully briefed their arguments, and the motion is now ripe for ruling.

### I. BACKGROUND

Some background information is necessary to frame the issue before the Court. In its complaint, the City alleges that Union Carbide released hazardous substances into the surface or subsurface soil or groundwater of a site (the "Pogue's Run Site") in Marion County. Comp. P 11. The City, which had purchased the Pogue's Run Site from Union Carbide, incurred substantial costs in evaluating, removing, and remediating the hazardous substances, and seeks to recover those past and future costs. Id. PP 10-12. The City asserts that the response costs were "necessary costs of response" within the meaning of Section 107(a)(4)(B) of [*3] CERCLA, 42 U.S.C. § 9607(a)(4)(B), and reasonable within the meaning of Indiana Code § 13-30-9-2. Id. PP 12-13. Specifically, the City asserts the following three claims for relief: (1) recovery of response costs; (2) damage to natural resources; and (3) recovery of reasonable costs and attorney's fees.

### II. MOTION TO STRIKE STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. PRO. 12(f). Motions to strike are generally disfavored because they may serve only to cause delay. *See Heller v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th 1989). However, where "motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id.*

### III. DISCUSSION

The parties dispute whether or not the Seventh Amendment's guarantee of a right to a trial by jury applies in this case. Citing the general rule that the Seventh Amendment's [*4] jury trial guarantee does not extend to equitable claims, *see, e.g., Simler v. Conner,* 372 U.S. 221, 222, 83 S. Ct. 609, 610, 9 L. Ed. 2d 691 (1963), Union Carbide asserts that all of the City's claims are equitable in nature as a consequence of which there is no entitlement to a jury. The City, on the other hand, attempts to distinguish the authority cited by Union Carbide, and contends that its claims are properly characterized as legal in nature.

The overwhelming weight of authority holds that a jury trial is not available for plaintiffs bringing CERCLA claims for recovery of response costs. *See State of New York v. Lashins Arcade Co.,* 91 F.3d 353, 362 n.7 (2d Cir. 1996) (collecting cases). The Eighth Circuit was the first appellate court to consider the issue:

> Appellants next argue the district court erred in denying their demand for a jury trial because the government's action for recovery of its response costs under CERCLA and RCRA was essentially a claim for legal damages. We disagree. When the government seeks recovery of its response costs under CERCLA or its abatement costs under RCRA, it is in effect seeking equitable relief in [*5] the form of restitution or reimbursement of the costs it expended in order to respond to the health and environmental danger presented by hazardous substances.

*United States v. N.E. Pharm. & Chem. Co., Inc.,* 810 F.2d 726, 749 (8th Cir. 1986). The Third Circuit followed the Eighth Circuit's lead in *Hatco Corp. v. W.R. Grace & Co. See Hatco,* 59 F.3d 400, 412 (3d Cir. 1995) ("We are in agreement that a jury trial is not available in a claim brought under section 9607 [for recovery of response costs]."). In addition, the Third Circuit held that a CERCLA § 9613(f) suit for contribution is equitable in nature, and consequently, parties asserting claims under § 9613(f) are not entitled to a jury trial. *See* 59 F.3d at 412-14. *See also CPI Plastics, Inc. v. USX Corp.,* 212 F.3d 599 (11th Cir. 2000), *aff'g without opin.,* 22 F. Supp.2d 1373, 1377 (N.D. Ga. 1995) ("The Court finds that there is no right to a jury trial for Plaintiffs' contribution claims under § 113(f) of CERCLA.").

Although the Seventh Circuit has not addressed the instant issue, both district courts within this circuit that have considered [*6] the issue concluded that plaintiffs asserting CERCLA recovery of response claims are not entitled to jury trials because their claims are equitable in nature. *See Metal Processing Co., Inc. v. Amoco Oil Co.,* 173 F.R.D. 244 (E.D. Wis. 1997); *GL Indus. of Mich., Inc. v. Forstmann Little & Co.,* 800 F. Supp. 695, 698-99

(S.D. Ind. 1991) (Barker, J.). This Court sees no reason to re-examine and re-evaluate the well-settled authority cited above. n1 Accordingly, the Court holds that CERCLA recovery of response cost claims are equitable in nature. Consequently, the City is not entitled to a jury trial on the recovery of response costs claim.

> n1 Citing two district court cases from other circuits, the City contends that "this Court can and should find a right to trial by jury in for CERCLA cost recovery actions." Pl.'s Resp. at 5. *See State of New York v. Lashins Arcade Co.,* 881 F. Supp. 101 (S.D. N.Y. 1995); *Tri-County Business Campus Joint Venture v. Clow Corp.,* 792 F. Supp. 984 (E.D. Pa. 1992). However, as Union Carbide points out, the City's reliance on the district court cases is misplaced. The Second Circuit refused to endorse the *Lashins Arcade* decision, and the *Tri-County Business* case actually supports Union Carbide's position. *See Lashins Arcade Co.,* 91 F.3d at 362 n.7; *Tri-County Business,* 792 F. Supp. at 997.

[*7]

In a separate order, this Court granted Union Carbide's Motion for Judgment on the City's Second Claim for Relief. As a result, the Court need not determine whether the City is entitled to a jury trial on its second claim, a claim for natural resource damages. Finally, the City's third claim for relief, a claim for recovery of reasonable costs and attorney's fees, is an equitable matter committed to the Court's discretion. *See, e.g, Key Tronic Corp. v. United States,* 511 U.S. 809, 114 S. Ct. 1960, 128 L. Ed. 2d 797 (1994). Accordingly, the Court **GRANTS** Defendant's Motion to Strike Plaintiff's Jury Demand.

### IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant's Motion to Strike Plaintiff's Jury Demand. Accordingly, the Court now VACATES the jury trial and re-sets it for a **Bench Trial on Monday, September 20, 2004, at 9:00 a.m.,** in Courtroom 202, U.S. District Courthouse, 46 East Ohio Street, Indianapolis, Indiana. The **Final Pre-Trial Conference** is confirmed for **Friday, September 3, 2004, at 8:30 a.m.,** in Room 204 of said courthouse.

IT IS SO ORDERED this 8th day of October, 2003.

LARRY J. MCKINNEY, [*8] CHIEF JUDGE

United States District Court

Southern District of Indiana