UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| --------------------------------------------------------X | Civil Number: 02-CV-656 (JCH) | |
| TIMOTHY P. DOYLE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF LITCHFIELD; CROMPTON | : | |
| MANUFACTURING COMPANY, INC.; | : | |
| UNIROYAL CHEMICAL COMPANY, INC.; | : | |
| NAUGATUCK TREATMENT COMPANY | : | |
| | : | |
| Defendants | : | |
| --------------------------------------------------------X | December 9, 2005 | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DEMAND FOR A JURY TRIAL

Pursuant to the Court's November 17, 2005 order (Garfinkel, J.), Plaintiff submits the within memorandum of law in support of his demand for a jury trial.

### RELEVANT FACTUAL AND PROCEDURAL HISTORY

The factual and procedural history of this matter is set forth in detail in the Court's June 1, 2005 Ruling Re: Defendant's Motion for Summary Judgment (Docket No. 71) (the "Ruling"). [1] In brief, Plaintiff (acting *pro se*) initiated this action against the Town of Litchfield (the "Town") by Complaint dated April 8, 2002. Plaintiff sought equitable relief and damages caused by the undisputed release of hazardous substances from the Town's dump and landfill (the "Landfill") and the contamination of his property.

On or about May 23, 2002, Plaintiff (still acting *pro se*) filed an Amended Complaint wherein he added "Crompton Corporation as parent of Uniroyal Chemical" as

---

[1] Plaintiff incorporates herein by reference the findings, terms and conclusions contained in the Ruling.

a defendant based Uniroyal's supplying incinerated sludge ash, which contained hazardous substances, to the Town for use as a top cover for the Landfill. Plaintiff's Amended Complaint purported to state causes of action based on (i) violations of the Fourteenth Amendment; (ii) a violation of 42 U.S.C. § 9607(a); (iii) Private Nuisance; (iv) Trespass Class Action; and (v) Toxic Tort Class Action.

On September 9, 2002, Crompton moved to dismiss the Amended Complaint on the grounds that it failed to state a viable claim. Crompton argued, *inter alia*, that it could not be liable for the actions of its subsidiary, Uniroyal Chemical Company. Because plaintiff, still acting *pro se*, failed to oppose the motion to dismiss, the Court granted Crompton's motion on October 8, 2002 based on the "absence of opposition." The Town answered the Amended Complaint on September 11, 2002.

In January 2003, the Court granted plaintiff's application for appointment of *pro bono* counsel, and appointed the undersigned as counsel for Plaintiff. The undersigned thereafter switched firms, and plaintiff was required to file a new a Motion for Order Authorizing Payment of Fees and Litigation Expenses. Said motion was granted on April 21, 2003.

Through appointed counsel, Plaintiff filed a motion to amend the complaint to (1) restate claims against the Town, (2) replead its claims against Crompton, and (3) add Crompton's subsidiaries Uniroyal and Naugatuck Treatment Center (collectively the "Crompton Defendants") as defendants. Plaintiff's proposed amended complaint sought to assert claims against the Town and the Crompton Defendants based on the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9601 et seq. ("CERCLA"), The Resource Conservation and Recovery Act, 42 U.S.C.

§6901 et seq. ("RCRA") and parallel state statutory and common law claims. The Crompton Defendants opposed the motion to amend arguing that the amendment would be futile by virtue of the *res judicata* effect of the earlier state court decision ("SCD") between Plaintiff and the Town. See Ruling at 3-4. Judge Goettel agreed, and by ruling dated October 22, 2003, denied Plaintiff's motion to amend as against the Crompton Defendants as futile.

Plaintiff filed an appeal (in *forma pauperis*) of Judge Goettel's ruling on January 14, 2004. After a conference with the Second Circuit, Plaintiff's appeal was withdrawn by stipulation on July 6, 2004 as premature because claims remained against the Town. See Ruling at 5.

Judge Hall thereafter assumed responsibility for the matter. In accordance with this Court's directive, Plaintiff filed a Second Amended Complaint on September 24, 2004 against the Town only -- i.e., not asserting claims against Crompton -- to enable the Town to file a motion for summary judgment based on the SCD.

On June 1, 2004, this Court granted the Town's motion with respect to Plaintiff's state based and RCRA claims, but denied the motion as to Plaintiff's CERCLA claims. The Court held:

> Similarly, here, even though the Superior Court of Connecticut found that hazardous substances from Litchfield's landfill would not migrate to Doyle's property, Doyle may recover monitoring and evaluation costs if he otherwise satisfies the elements of a CERCLA claim.
>
> ***
>
> Based on the above conclusions of law, Doyle may pursue his CERCLA claim. Because the elements of that claim have not been fully argued, the factual issues have neither been supported nor denied with evidence adequate to show that there is no genuine issue of material fact. Many of the issues of material fact that Doyle claims are disputed are actually elements of his CERCLA claim. See Plaintiff's Local Rule 56(a)2

Statement; 42 U.S.C. §§9601(9), 9607(a). He should be allowed the opportunity to prove these elements. Thus, the Town's motion for summary judgment as to the CERCLA claim is denied.

Significantly, the Court noted in footnote 5 of the Ruling:

> When Judge Goettel denied Doyle's motion to amend the complaint by adding Uniroyal and NTC as defendants, he did so because he found the amendment would be futile. Ruling on Mot. For Leave to Amend Compl. at 7. He noted that the state court's finding of no contamination was dispositive, presumably assuming that contamination is necessary to a CERCLA claim. See id. However, he did not discuss or necessarily decide that issue, except by implication. To the extent that the issue was decided, this court has discretion to revisit it under the law of the case doctrine. See SCS Communications, Inc. v. Herrick Co., 360 F.3d 329, 336 (2d Cir. 2004).

Accordingly, on June 29, 2005, Plaintiff filed a Renewed Motion to Amend the Complaint, asking the Court to revisit Judge Goettel's ruling, and to thereafter to allow Plaintiff to assert his state and federal claims against the Crompton Defendants. The Court denied Plaintiff's renewed motion to amend during a July 25, 2005 teleconference with counsel, stating that it did not want to have the narrower CERCLA case against the Town delayed while Plaintiff developed his broader case against the Crompton defendants (CERCLA, RCRA and parallel state statutory and common law claims). The Court noted that Plaintiff's claims against the Crompton Defendants are still viable by virtue of Plaintiff's ability to resume the appeal of Judge Goettel's ruling (which will necessarily be based in large part on the rationale contained in the Ruling), and to thereafter pursue his federal and state claims at a future date.

## ARGUMENT

The letter and spirit of CERCLA and the Seventh Amendment, when considered in the broader context of this case, entitle Plaintiff to a jury trial.

### *CERCLA and the Seventh Amendment Entitle Plaintiff to a Jury Trial*

Plaintiff asserts that both CERCLA and the Seventh Amendment to the United States Constitution entitle him to a jury trial on the instant portion of the case directed against the Town. Plaintiff respectfully refers the Court to Judge Brieant's rationale in State of N.Y. v. Lashins Arcade Co., 881 F. Supp. 101 (S.D.N.Y.1995) aff'd, 91 F.3d 353 (1996).[2]

In Lashins, the District Court held that an analysis of CERCLA demonstrates "that Congress intended the right to a jury trial in a case where a plaintiff seeks a judgment for money damages for clean-up costs as well as injury to natural resources under Section 107 of CERCLA." Id. at 102. The Lashins court reasoned that claims for response costs (and damage to natural resources) were analogous to the types of claims typically sent to juries. Id. at 103.

More importantly, the Lashins court held that CERCLA grants a plaintiff "a *Constitutional* right to a jury trial. As the relief sought by Plaintiffs under CERCLA is at least partly 'legal' in nature, the Seventh Amendment to the United States Constitution supports this alternate ground." Id. (Emphasis in original.) The court opined that maintaining the common law jury as a fact finding body has "such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right should be scrutinized with the utmost of care." Id. at 104, citing Beacon Theaters v. Westover, 359 U.S. 500, 501 (1959) (quoting Dimick v. Schiedt, 293 U.S. 474, 486 (1935)).

---

[2] In affirming the District Court decision, the Second Circuit did not reach the jury issue, but did note that Judge Brieant's ruling "that Congress intended the right to a jury trial in a case where a plaintiff seeks a judgment for money damages for clean-up costs as well as injury to natural resources under [§ 9607(a) ]" was in the minority. 91 F. 3d at 362 nt 7.

In the present case, Doyle's claims against the Town will focus on whether his response to the undisputed release of hazardous substances from the Landfill was necessary, reasonable and appropriate. See 42 U.S.C. § 9607(a)(4)(B); Johnson v. James Langley Operating Co., Inc. 226 F.3d 957, 964-65 (8th Cir. 2000) (testing and sampling expenses are deemed "necessary" under CERCLA if plaintiff had "an objectively reasonable belief that the release or threatened release of hazardous substances from the Landfill would contaminate his [] property"), citing Lansford-Coaldale Joint Water Auth. v. Tonolli Corp., 4 F.3d 1209, 1219 (3d Cir.1993) (CERCLA liability for testing requires that "there was a reasonable risk (although one that may not materialize). Plaintiff submits that these are clear issues of fact, and that the rationale from the Lashins decision is instructive and appropriate to allow Doyle's "partly legal" claims to be heard by a jury.

### *The Broader Context of the Present Case Entitles Plaintiff to a Jury Trial*

More importantly, Plaintiff still has federal and state claims against the Crompton Defendants that are broader than simple CERCLA cost recovery against the Town.[3] It is undeniable that the Crompton Defendants will have a right to a jury trial in Plaintiff's action against them asserting claims under federal statutory law and state common law. The Town will, of course, be a party to the Crompton portion of the case by virtue of the Crompton Defendants' inevitable claim over against the Town for contribution under common law and CERCLA. As a contributing tortfeasor and/or PRP under CERCLA,

---

[3]  Indeed, the principal basis of Judge Goettel's decision to deny Plaintiff's first request to amend was His Honor's reasoning that any amended complaint would be futile in light of the earlier state court holding that Plaintiff could not prove a direct leachate pathway from the Landfill to the Property. This rationale was later rejected by this Court in the Ruling, and will be a central argument on Plaintiff's future appeal of Judge Goettel's Ruling. Likewise, Plaintiff's state law claims against the Crompton Defendants are not precluded because the Crompton Defendants were not parties to the state court action.

the Town will have the right to have a jury trial determine whether it is liable to the Crompton Defendants for contribution. See 42 U.S.C. §9613(f)(1) (Contribution).[4]

Accordingly, if the Court rejects Plaintiff's request for a jury in the present prefatory portion of the case, the only parties that will receive the benefit of a jury trial in the larger dispute will be the governmental and corporate defendants -- i.e. Town of Litchfield, Crompton Corporation, Uniroyal Chemical Company and Naugatuck Treatment Company -- and not Timothy Doyle, the individual who has been made to suffer the most in this unfortunate saga. Clearly, the Seventh Amendment and the intent of Congress in drafting CERCLA will not be served should Plaintiff's jury demand be denied.

---

[4] 42 U.S.C. §9613(f)(1) (Contribution) reads:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 9606 of this title or section 9607 of this title.

(Emphasis added.) See also Bob's Beverage, Inc. v. ACME, Inc., 169 F.Supp.2d 695, 728 (N.D.Ohio, 1999) (holding that current owner and operator of hazardous waste facility presented sufficient evidence to withstand summary judgment in CERCLA contribution action "to allow a reasonable jury to find" that former corporate owner and its shareholder violated CERCLA.)(emphasis added); Acushnet Co. v. Coaters, Inc., 948 F. Supp. 128, 135-36 (D. Mass. 1996) (citing section 9613, and holding that that CERCLA provisions authorizing court to allocate response costs in contribution actions using appropriate "equitable factors" authorizes "if not mandate[es] . . . making comparisons between plaintiffs in a contribution action and defendants whom they allege to be potentially responsible parties, by considering evidence before the court (and jury, if one is used) for the purpose of determining whether the nature and extent of their respective ties to the hazards to persons, property, and the environment make it fair and reasonable to order that a defendant . . . reimburse the plaintiffs in some amount or some share of "contribution. . .")(emphasis added).

## CONCLUSION

For the foregoing reasons, Plaintiff should receive a jury trial in his claims against

the Town.

THE PLAINTIFF
TIMOTHY P. DOYLE

BY /s/John T. Shaban
John T. Shaban (ct14075)
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830
203-869-3800
203-869-1951 (facsimile)
jshaban@wbamct.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Motion for Continuance of Pretrial Deadlines was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_/s/ John T. Shaban__
John T. Shaban