UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TIMOTHY P. DOYLE,            :

      Plaintiff,            :

        vs.            :            No. 3:02CV656(WIG)

TOWN OF LITCHFIELD,          :

      Defendant.            :

------------------------X

<u>Ruling on Jury Trial Issue</u>

_____Pursuant to this Court's Order, the parties submitted briefs addressed to the issue of whether this action should be tried before a jury.  The Court has carefully reviewed the briefs and cases cited by the parties and concludes that this case should be tried by the Court and, therefore, strikes the plaintiff's demand for a jury trial.

Following Judge Hall's summary judgment ruling [doc. # 71], the only claim remaining in this case for trial is plaintiff's claim against the town of Litchfield for recovery of response costs under CERCLA, 42 U.S.C. § 9607.  As both sides acknowledge, the Second Circuit has not ruled on the issue of whether a plaintiff seeking response costs under CERCLA is entitled to a jury trial.  Plaintiff relies on the district court's decision in *State v. Lashins Arcade Co.*, 881 F. Supp. 101 (S.D.N.Y. 1995), *aff'd*, 91 F.3d 353 (2d Cir. 1996), in support of his position that he is entitled to a trial by jury.  On appeal, the Second Circuit did not reach the issue of whether a plaintiff seeking a

judgment for money damages for clean-up costs under CERCLA was

entitled to a jury trial. The Court in dictum, however, cast

considerable doubt on whether it would follow the district

court's ruling in that regard.

> In view of the settlement with Astrologo and our
> affirmance of the summary judgment in favor of
> Lashins, New York's appeal from the district
> court's ruling "that Congress intended the right
> to a jury trial in a case where a plaintiff seeks
> a judgment for money damages for clean-up costs as
> well as injury to natural resources under [§
> 9607(a)]," *Lashins Arcade Co.*, 881 F. Supp. at
> 102, and that "[w]ere this not so, this Court
> would find a *Constitutional* right to a jury
> trial," *id.* at 103, no longer presents a live
> issue for our resolution. We caution, however,
> that the district court's ruling stands alone (so
> far as we are aware) *in opposition to the
> overwhelming weight of authority on this issue*.
> *See, e.g., Hatco Corp. v. W.R. Grace & Co.-Conn.,*
> 59 F.3d 400, 411-12 (3d Cir. 1995); *United States
> v. Northeastern Pharmaceutical & Chem. Co.,* 810
> F.2d 726, 749 (8th Cir. 1986), *cert. denied,* 484
> U.S. 848, 108 S. Ct. 146, 98 L. Ed. 2d 102 (1987);
> *United States v. Mexico Feed & Seed Co.,* 729 F.
> Supp. 1250, 1254 (E.D. Mo. 1990); *United States v.
> Northernaire Plating Co.*, 685 F. Supp. 1410, 1413
> (W.D. Mich. 1988), *aff'd sub nom. United States v.
> R.W. Meyer, Inc.,* 889 F.2d 1497(6th Cir. 1989),
> *cert. denied*, 494 U.S. 1057, 110 S. Ct. 1527, 108
> L. Ed. 2d 767 (1990).

*State v. Lashins Arcade Co.*, 91 F.3d 353, 362 n.7 (2d Cir. 1996)

(second emphasis added).

Absent controlling precedent from the Second Circuit on this

issue and after a thorough review of the decisions from other

circuits, this Court finds the better reasoned decisions support

the conclusion that there is no right to a jury trial in a cost

recovery action under CERCLA, since this is essentially an equitable claim for restitution. *See Hatco Corp.*, 59 F.3d at 411; *Northeastern Pharm. & Chem. Co.*, 810 F.2d at 749; *New York v. Longboat, Inc.*, 140 F. Supp. 2d 174, 178-79 (N.D.N.Y. 2001).

Additionally, the Court is not persuaded by plaintiff's argument that the "broader context of the present case," involving plaintiff's future claims against the former Crompton defendants and their "inevitable claim" against the Town for contribution, warrants a different conclusion. (Pl.'s Mem. at 6.) That plaintiff may some day bring an action against the former Crompton defendants, who may then bring a contribution action under 42 U.S.C. § 9613 against the Town, which may or may not entitle them to a jury trial, has no bearing on the present case.

Accordingly, the Court hereby strikes plaintiff's jury demand. This case will be tried as a bench trial. A separate trial scheduling order will be issued by the Court.

SO ORDERED, this ___14th___ day of December, 2005, at Bridgeport, Connecticut.

> _/s/ William I. Garfinkel_
> WILLIAM I. GARFINKEL,
> United States Magistrate Judge